AMERICAN TRUCKING ASSOCIATIONS, INC. et al.

v.

Rodney S. QUINN, et al.

Supreme Judicial Court of Maine.

Argued Nov. 18, 1981.

Decided Dec. 1, 1981.

---

Murray, Plumb & Murray, John C. Lightbody (orally), John C. Bannon, Thomas C. Newman, Portland, for plaintiffs.

William C. Nugent (orally), and Doris A. Harnett, Asst. Attys. Gen., Augusta, for defendants.

Before McKUSICK, C. J., GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ., and DUFRESNE, A. R. J.

McKUSICK, Chief Justice.

This is an appeal from a judgment in the Superior Court, Kennebec County, striking down Maine's recently enacted truck tax as unconstitutional. We deny the appeal.

As enacted by the 1981 session of the legislature,[1] 29 M.R.S.A. § 246–A (Supp. 1981) requires that owners and operators of foreign-based trucks[2] using Maine highways purchase either an annual highway use permit for $40 or a one-trip permit good for up to fifteen days for $20. The annual fee for Maine-based trucks not powered by gasoline is set at $3, and gasoline-powered trucks based in Maine are exempted from the tax entirely. Violators of section 246–A are guilty of a Class E crime. The state police are empowered to turn back any nonconforming trucks entering the state.

Plaintiffs, American Trucking Associations, Inc. and two out-of-state motor carriers,[3] brought the present action seeking declaratory and injunctive relief against enforcement of section 246–A, naming as defendants the Secretary of State and other officials of the State of Maine charged with enforcing the truck tax. For convenience, defendants are hereafter collectively referred to as the State of Maine. The Superior Court justice denied plaintiffs' request for a temporary restraining order and preliminary injunction, but ordered the State to place in escrow all moneys collected under the disputed statute. On September 29, 1981, the Superior Court entered its judgment declaring section 246–A violative of the Commerce[4] and the Privileges and Immunities[5] Clauses of the United States Constitution and therefore unenforceable. The court stayed the operation of its judgment pending the State's appeal to this court.[6] Because of the public importance of a prompt resolution of the dispute over the validity of the truck tax, we granted the parties an expedited hearing.

Our Commerce Clause analysis of section 246–A is controlled by the clearly established rule that a state tax on interstate commerce will pass constitutional muster only if the tax "[1] is applied to an activity with a substantial nexus with the taxing State, [2] is fairly apportioned, [3] does not discriminate against interstate

---

1.  29 M.R.S.A. § 246–A (Supp.1981) was enacted by P.L.1981, ch. 492, part E, § 9.

2.  For the purposes of this opinion, the term "foreign-based truck" refers to any truck of 10,000 pounds or more registered in a state other than Maine; the term "Maine-based truck" refers to any truck of such weight registered in Maine.

3.  On September 1, 1981, the justice below issued an order certifying plaintiffs as representative parties to a class action. The plaintiff class was defined as "all owners or operators of trucks [or] tractors subject to the fees im-

posed by 29 M.R.S.A. § 246–A which are not registered in the State."

4.  U.S.Const. art. I, § 8, cl. 3.

5.  *Id.*, art. IV, § 2, cl. 1.

6.  The Superior Court issued two supplemental orders. One denied plaintiffs' request for a permanent injunction. The other order, giving reasons as required by *Cole v. Peterson Realty, Inc.*, Me., 432 A.2d 752, 757 (1981), determined that the decision of September 29, 1981, was a final judgment within the meaning of M.R. Civ.P. 54(b).

commerce, and [4] is fairly related to the services provided by the State." *Compare Auto Transit, Inc. v. Brady*, 430 U.S. 274, 279, 97 S.Ct. 1076, 1079, 51 L.Ed.2d 326 (1977), *followed in Maryland v. Louisiana*, 451 U.S. ——, ——, 101 S.Ct. 2114, 2133, 68 L.Ed.2d 576 (1981). Long ago the Law Court recognized the third criterion by striking down as violative of the Commerce Clause a municipal ordinance that required any peddler of foreign-grown fruit to pay a license fee of $20. *State v. Bornstein*, 107 Me. 260, 78 A. 281 (1910). On its face, section 246–A fails that criterion prohibiting discrimination against interstate commerce, since it sets much higher permit fees for foreign-based trucks than for Maine-based ones. The Superior Court found that the statute is even more discriminatory in its practical effect than it appears on its face, because it increases the average per-mile operating costs for foreign-based trucks two hundred times more than it does those costs for trucks registered in Maine.[7] At the same time the trial court found that a foreign-based truck derives no greater benefit from, and imposes no greater burden upon, Maine highways than does a Maine-based truck.

The State contends that any discriminatory appearance or effect of section 246–A standing alone is offset by the registration fees and excise taxes that Maine imposes on its own domestic trucks, but not on foreign-based trucks that use its highways. If those imposts were included in the comparison, a Maine-based truck would be seen to pay more toward the maintenance of Maine highways than does a foreign-based truck. Even if one ignores excise taxes, inclusion of registration fees shows a heavier burden on Maine-based trucks except in one narrow category of trucks.[8]

■ In order to serve as an offset to a state tax that by itself discriminates against interstate commerce, a domestic tax must, however, be in some sense equivalent or "complementary" to the tax under attack. *See, e. g., Alaska v. Arctic Maid*, 366 U.S. 199, 81 S.Ct. 929, 6 L.Ed.2d 227 (1961) (4% tax on foreigners who catch salmon in state waters and ship them south to be canned is permissible because domestic canneries are already subject to 6% tax); *Henneford v. Silas Mason Co.*, 300 U.S. 577, 57 S.Ct. 524, 81 L.Ed. 814 (1937) (2% state use tax does not violate Commerce Clause because complementary to 2% state sales tax); *Gregg Dyeing Co. v. Query*, 286 U.S. 472, 52 S.Ct. 631, 76 L.Ed. 1232 (1932) (state tax of six cents per gallon on foreign gasoline stored in state is constitutional because of existing state tax of six cents per gallon on local gasoline).

■ Neither excise taxes nor registration fees are complementary to section 246–A. Excise taxes are similar to personal property taxes collected by municipalities, and the revenue they generate may be used by municipalities for any purpose. 36 M.R.S.A. § 1489(1) (1978). They thus resist analogy to a highway use fee collected by the State and dedicated to the highway fund. More importantly, as the Superior Court found, every state maintains a system for registering trucks and imposes fees and taxes in conjunction with such registration.[9] Pursuant to 29 M.R.S.A. § 2243(2) (Supp.1981), Maine has entered into registration reciprocity agreements with 45 of the 47 other contiguous continental states, whereby vehicles with a Maine registration obtain the privilege of using the roads of all other signatory states, and vice versa. Maine has also statutorily exempted from the excise tax all foreign-based vehicles permitted to operate in Maine by reciproci-

---

**7.** The cost increase occasioned by section 246–A was estimated to exceed two cents per mile for foreign-based trucks and one-hundredth of a cent per mile for Maine-based trucks. The Superior Court also found that "[p]er mile operating costs are a primary and frequently used basis for calculating costs, setting rates and planning operations in the trucking industry."

**8.** The only exceptions are trucks of 10,000 to 11,000 pounds gross vehicle weight.

**9.** The trial court also found that Maine is in the middle range of states in terms of the size of the taxes and fees it assesses on domestically based trucks.

ty. 36 M.R.S.A. § 1483(10) (1978). Having thus waived the right to impose registration fees and excise taxes on foreign-based trucks, the State may not point to those Maine taxes imposed on Maine-based trucks as being complementary to section 246–A for the purpose of saving an otherwise discriminatory tax on interstate commerce. When an owner or operator of a Maine-based truck pays his registration fee, he purchases the right to operate in any of 46 states; the highway use fee set by section 246–A, by contrast, buys for the foreign-based truck only the right to use Maine roads. In a practical economic sense, reciprocity represents an indirect contribution by foreign-based trucks to the treasury of the State of Maine; the agreement of their home states not to tax Maine-based trucks leaves Maine free to collect more than it otherwise could from its own truckers.

Since the egregious discrimination against interstate commerce worked by section 246–A is not offset by complementary, domestic taxes, the statute must fall as a violation of the Commerce Clause. We need not address the Superior Court's alternative holding that the tax also violates the Privileges and Immunities Clause. We also express no opinion on the additional theory advanced by plaintiffs that the flat fee nature of the taxes mandated by section 246–A violates the fourth prong of the test laid down in *Complete Auto Transit, supra.*

 Though we affirm the judgment below, it is unnecessary to grant the permanent injunction requested by plaintiffs. Such an express command would run counter to "the principle that one co-ordinate branch of government must refrain from ordering another branch to perform its official duty . . . ." *Kelly v. Curtis*, Me., 287 A.2d 426, 429 (1972). We are confident that the State and all its responsible officers will abide by the present declaration of unconstitutionality, subject, of course, to any right of further appellate review they may choose to exercise. It is necessary, however, to remand the case so that the Superior Court may resolve any issues left pending by its Rule 54(b) determination, including disposition of the funds held by the State in escrow.

The entry must be:

Judgment declaring 29 M.R.S.A. § 246–A unconstitutional affirmed; plaintiffs' request for a permanent injunction denied; remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.