# American Trucking Associations, Inc. and International Transport, Inc., and G. H. Harnum, Inc., individually and on behalf of all others similarly situated v. William Conway, Paul Philbrook, Richard Snelling, and Thomas Evslin

[451 A.2d 42]

No. 82-021

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

*Ralph A. Foote* and *Robert H. Moyer* of *Conley & Foote,* Middlebury, for Plaintiffs-Appellants.

*John J. Easton, Jr.,* Attorney General, and *Robert C. Schwartz,* Assistant Attorney General, Montpelier, for Defendants-Appellees.

**Hill, J.** This case presents a challenge to the constitutionality of various fees imposed on trucks from other states for entering Vermont. The trial court upheld the fees as constitutional. We vacate and remand for further factual findings.

The named plaintiffs, American Trucking Associations and two individual trucking firms, instituted this class action on behalf of all interstate motor carriers whose vehicles were primarily registered in states other than Vermont. The plaintiffs principally challenged a fee system imposed by the Vermont Legislature in 1981 on foreign registered trucks. The challenged provisions were adopted in the Act of May 13, 1981, No. 87, §§ 18–19a, 1981 Vt. Acts 329, 340–42 (codified at 23 V.S.A. §§ 415–419 (Cum. Supp. 1982)) (hereinafter Act No. 87). Act No. 87 required operators of trucks with a gross weight of 18,000 pounds or more which were registered outside of Vermont to obtain a permit, costing $40, for each truck that would be owned or operated in Vermont. *Id.* at § 18 (codified at 23 V.S.A. § 415 (Cum. Supp. 1982)). In addition, a fee was charged for each time a foreign registered truck entered the state. The entry fee was $15, with a surcharge of $10 if the foreign truck was registered in a state that imposed more than one tax on trucks using its highways. *Id.* at § 19 (codified at 23 V.S.A. § 417 (Cum. Supp. 1982)). In lieu of these two charges, operators could purchase a single trip permit, which authorized a single entry into Vermont for a fee of $40.

*Id.* at § 18a (codified at 23 V.S.A. § 415a (Cum. Supp. 1982)). None of these fees were assessed against Vermont registered trucks.

A critical aspect of Act No. 87 was its repeal of 23 V.S.A. § 419 (1978), which permitted the Commissioner of Motor Vehicles to make reciprocal agreements with officials from other states waiving the imposition of the fees. Vermont had such agreements with thirteen states and the District of Columbia when Act No. 87 was enacted. The state cancelled all these agreements by June 15, 1981.

The plaintiffs also challenged the validity of the fee system in place before the passage of Act No. 87. That system required foreign registered trucks to pay an annual fee of $20 for a permit to travel on Vermont highways. 23 V.S.A. § 415 (1978). Truckers could elect to purchase a single trip permit for $20. 23 V.S.A. § 415a (1978). In addition, the state imposed a $10 fee for each entry into Vermont on trucks from states which taxed Vermont trucks for using their highways. 23 V.S.A. § 417 (1978).

The plaintiffs requested declaratory, injunctive, and monetary relief. They claimed that the two fee systems violated the commerce clause of the United States Constitution, the supremacy clause of the United States Constitution, and the privileges and immunities clause of the United States Constitution. They also claimed that the tax schemes violated article nine of chapter one of the Vermont Constitution.

The trial court rejected the plaintiffs' claims. It held that the fee system survived constitutional scrutiny under both the state and federal constitutions. The plaintiffs appealed from that judgment.

During the pendency of this appeal, the Vermont Legislature again amended the fee system for foreign trucks. In the Act of April 20, 1982, No. 172, §§ 4–7a, 1981 Vt. Acts 188, 209–11 (Adj. Sess.) (codified at 23 V.S.A. §§ 415–423 (Cum. Supp. 1982)) (hereinafter Act No. 172), the legislature imposed a uniform $50 fee on all trucks powered by nondiesel fuels. The fee applies to trucks registered in and outside of Vermont. *Id.* at § 4 (codified at 23 V.S.A. § 415 (Cum. Supp. 1982)). In addition, Act No. 172 repealed Act No. 87's entry fee for each time a foreign truck entered Vermont, and substituted a "retaliatory" tax; if a foreign truck is registered in

a state that imposes certain fees on Vermont trucks, that truck is required to pay a $10 fee each time it enters Vermont. *Id.* at § 5 (codified at 23 V.S.A. § 417(a) (Cum. Supp. 1982)). Act No. 172 also restored the Commissioner's power to make reciprocal agreements with other states to waive truckers' fees, and directs the Secretary of Transportation to negotiate with other New England states to establish a regional system for truckers' fees. *Id.* at §§ 7, 7a (codified at 23 V.S.A. §§ 419, 423 (Cum. Supp. 1982)).

The validity of Act No. 172 has never been at issue in this case. Thus, the sole issue in this appeal is whether the plaintiffs are entitled to refunds for taxes collected under Act No. 87 and its predecessor system, on the ground that the taxes were unconstitutionally exacted.

■ The plaintiffs' most substantial claim[1] is under the commerce clause of the United States Constitution. To be upheld under that clause, Act No. 87 and its predecessor must survive the test of *Complete Auto Transit, Inc.* v. *Brady,* 430 U.S. 274 (1977). There, the Supreme Court held that a tax on interstate commerce will be upheld if "the tax is applied to an activity with a substantial nexus with the taxing State, is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to the services provided by the State." *Id.* at 279. The plaintiffs do not challenge Act No. 87 or its predecessor under the first two prongs of this test. They limit their attacks to claims that the fee system discriminated against interstate commerce and did not fairly relate to services provided by Vermont.

■ The trial court rejected the plaintiffs' assertion of discrimination on the grounds that (1) the fees collected from foreign trucks were not significantly disproportionate to those collected from Vermont trucks, and (2) the fees were not a discriminatory tax in addition to the foreign trucks' registra-

---

[1] The plaintiffs' claims under the fourteenth amendment and article nine of chapter one of the Vermont Constitution also rest on the asserted discriminatory impact of the taxes. Thus, the factual findings on the effect of the taxes are critical to these claims as well. We also postpone consideration of the plaintiffs' supremacy clause claim until we have the benefit of further findings on the discrimination issue.

tion fees in their domiciliary states, because Vermont trucks could be subjected to such fees in other states. This form of analysis reflects the practical approach endorsed by the Supreme Court in *Complete Auto Transit*. The indicia of constitutionality is the actual impact of a tax on interstate commerce. *Maryland* v. *Louisiana*, 451 U.S. 725, 756 (1981). Nevertheless, while we concur in the methodology employed by the trial court, we conclude that the trial court did not make adequate findings to either support its judgment or enable us to properly review its decision.

 The decisive issue in this case is whether Act No. 87 and its predecessor placed an unfair burden on interstate commerce. "All tax burdens do not impermissibly impede interstate commerce. The Commerce Clause balance tips against the tax only when it unfairly burdens commerce by exacting more than a just share from the interstate activity." *Department of Revenue* v. *Association of Washington Stevedoring Co.*, 435 U.S. 734, 748 (1978). It has long been recognized that "interstate commerce must bear its fair share of the state tax burden." *Id.* at 750. The issue, then, is whether these schemes exacted unfair burdens, or simply assessed a fair share of the tax cost. Only a comparison of the costs imposed on foreign and domestic trucks in return for the services provided by Vermont sheds light on this inquiry.

The trial court's findings purport to make this comparison. Unfortunately, the findings are inadequate and contradictory. The court found that "certain foreign motor carriers would in fact save in their costs of operation if they were to register some or all of their motor vehicles in the State of Vermont." This, of course, is the essence of discrimination: the weight of the tax on the same truck is heavier if it is registered outside of Vermont. Yet, the trial court also found: "There is no evidence that the user fees paid . . . by foreign vehicles for use of Vermont highways are higher than such fees paid by Vermont registered vehicles through registration fees and the vehicle purchase and use tax." The contradiction between these findings is inexplicable.

Moreover, the findings do not address critical evidence presented in the record. One of the named plaintiffs presented evidence showing that if all states imposed the fees mandated

in Act No. 87, they would exceed its corporate earnings by tenfold. The trial court did not deal with this evidence. The court did make findings on the total costs and costs per mile of the named plaintiffs. There is, however, no comparison of the costs with those of Vermont truckers. On appeal, the plaintiffs argue that the costs imposed on Vermont trucks were substantially lower than those imposed on the foreign trucks. They base their argument upon raw data on Vermont truck usage, drawn from the record and multiplied by the statutory tax rates. If these data are accurate, the discrimination is manifest, severe, and unconstitutional. See *American Trucking Associations, Inc.* v. *Quinn*, 437 A.2d 623, 627 (Me. 1981). Without the benefit of findings on this point, however, we cannot say whether the actual impact of Act No. 87 and its predecessor on interstate commerce was discriminatory.

The trial court made findings concerning the proportion of the tax revenues contributed by foreign and Vermont trucks under the challenged fee system. The court also made findings concerning the proportionate numbers of foreign and domestic trucks using Vermont highways. These findings, however, tell us nothing about the critical facts, which are the number of miles travelled on Vermont highways by the two classes of trucks as compared to their respective tax burdens. As recently noted by the Maine Supreme Judicial Court, costs in the trucking industry are primarily calculated on a per-mile basis. See *id.* at 627 n.7. Only by comparing the cost per mile imposed by the fee systems on foreign as opposed to Vermont trucks can this Court assess whether the systems were actually discriminatory. The number of foreign trucks using Vermont highways is irrelevant to this point.

Perhaps an even more telling flaw in the trial court's findings is the failure to distinguish the impact of the different tax schemes at issue. There are two systems, comprised of six separate levies, at issue in this case. The discriminatory impact of each of these levies may vary. Yet, the trial court's findings do not distinguish the impact of one system from the other. Nor do they separate the impact of the various levies within each system. These distinctions may amount to a world of constitutional difference. The impact of one levy within Act No. 87 may be constitutional while another levy is invalid. Simply because the plaintiffs have challenged all of these

statutes en masse does not mean that the statutes may be judged en masse. The impact of the two systems, and the individual levies which comprise those systems, should be separately detailed in precise findings.

■■ "Findings of fact made under V.R.C.P. 52 must state the facts essential to the disposition of the cause." *VanVelsor* v. *Dzewaltowski*, 136 Vt. 103, 106, 385 A.2d 1102, 1104 (1978). In this case, we are unable to determine from the findings whether the challenged statutes are unconstitutionally discriminatory. On remand, if the plaintiffs have failed to establish their burden of offering evidence on the facts necessary to their claims, findings to that effect would be appropriate. If, however, there is sufficient evidence in the record to make valid comparisons of the actual costs imposed by the separate levies of the tax schemes on foreign and Vermont trucks, findings on these points must be made.

*Judgment vacated. Cause remanded for further factual findings.*