John **HUIE**, et al., Appellants,

v.

**PRIVATE TRUCK COUNCIL OF AMERICA, INC., et al.,** Appellees.

No. 1083S351.

Supreme Court of Indiana.

Aug. 7, 1984.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for appellants.

Billig, Sher & Jones, P.C., Washington, D.C., Dann, Pecar, Newman, Talesnick & Kleiman, P.C., Indianapolis, Jacob P. Billig, Richard A. Allen, David F. Smith, Washington, D.C., Melvin R. Daniel, Indianapolis, for appellees.

GIVAN, Chief Judge.

Appellees brought a class action challenging the constitutionality of an Indiana statute imposing an *ad valorem* tax on the indefinite-situs distributable property of motor carrier companies which operate in

interstate commerce through Indiana. The trial court, upon granting appellees' motion for summary judgment, declared the statute unconstitutional and permanently enjoined enforcement of the tax. Appellants now appeal pursuant to Ind.R.App.P. 4(A)(8).

In 1981, the Indiana General Assembly increased the weight limitation on Indiana public highways from 73,000 to 80,000 pounds. Ind.Code § 9–8–1–12. In order to raise the estimated $20 million per year in additional road maintenance expenses, the General Assembly enacted Acts 1981, P.L. 66 which was amended in 1982 by P.L. 43. The resulting statute may be found in Ind. Code § 6–1.1–8–2(18) and § 6–1.1–8–12.5. The statute imposes an *ad valorem* tax on the "indefinite-situs distributable property," Ind.Code § 6–1.1–8–12.5(b), of each "interstate motor carrier company," Ind. Code § 6–1.1–8–2(18), that operates in the State of Indiana in interstate commerce. The statute exempts motor carrier companies operating solely in intrastate commerce within Indiana.

The tax is imposed on that portion of an interstate carrier's indefinite-situs distributable property attributable to the State of Indiana, as determined by a mileage-based formula. Ind.Code § 6–1.1–8–12.5(c). The tax rate applied to the apportioned value of the property is the "average property tax rate" in the State, determined by calculating "(1) the total of the property taxes in the state that will come due during the year, divided by (2) the total net assessed valuation of property in this state for the preceding year's assessment." Ind.Code § 6–1.1–8–35(a). For 1982, the average tax rate was 6.9080%.

The statute requires all interstate motor carrier companies to file by May 1 of each year a tax return with the State Board of Tax Commissioners describing their indefinite-situs distributable property and the instate and out-of-state mileage of that property. Ind.Code § 6–1.1–8–19. The Board is directed to assess the apportioned value of such property by September 1 of each year, and to certify the taxes due to the Department of State Revenue. Ind.Code §§ 6–1.1–8–28, 6–1.1–8–35(b). The taxes due must be paid by December 31 of each year. Ind.Code § 6–1.1–8–35(b).

On January 7, 1983, the trial court granted appellees' motion to certify the action as a class action on behalf of all interstate motor carriers whose vehicles are based and registered outside of Indiana but travel through the State of Indiana and are thus subject to the disputed tax. The court further ordered the taxes previously paid placed in an escrow account. On April 20, 1983, the court entered final judgment, declaring the statute unconstitutional under the Commerce Clause, art. I, § 8, cl. 3 of the United States Constitution, and under art. X, § 1 of the Indiana Constitution.

As we find the statute to be unconstitutional under the Commerce Clause, we do not address the trial court's alternative holding that the statute violates art. X, § 1 of the Indiana Constitution. Similarly, we do not address appellees' contentions that the statute violates the Privileges and Immunities Clause, art. IV, § 2, cl. 1 of the United States Constitution, and 49 U.S.C. § 11503a.

It is well established that a state may not, by its tax scheme, discriminate against interstate commerce and in favor of intrastate commerce. *Alaska v. Arctic Maid*, (1961) 366 U.S. 199, 81 S.Ct. 929, 6 L.Ed.2d 227; *Mueller Brass Co. v. Gross Income Tax Div.*, (1971) 255 Ind. 514, 265 N.E.2d 704. A state tax is not *per se* invalid because it burdens interstate commerce, since interstate commerce may constitutionally be made to pay its way. *Complete Auto Transit, Inc. v. Brady*, (1977) 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326. The state's right to tax is limited, however, and "[N]o state tax may be sustained unless the tax: (1) has a substantial nexus with the State; (2) is fairly apportioned; (3) does not discriminate against interstate commerce; and (4) is fairly related to the services provided by the State." *Maryland v. Louisiana*, (1981) 451 U.S. 725, 754, 101 S.Ct. 2114, 2133, 68 L.Ed.2d 576, 600.

■ If the state tax fails to meet any one of the prongs of this test, it cannot stand. *Complete Auto, supra.* Appellees do not contend that the indefinite-situs tax violates the first, second or fourth prongs of the test. At issue is whether the tax discriminates against interstate commerce.

Appellants concede that the statute, on its face, discriminates against interstate commerce. The statute clearly exempts motor carrier companies operating solely in intrastate commerce. Appellants argue, however, that this clear violation of Commerce Clause principles is cured by preexisting and complementary local property taxes. Their contention is that the local property tax burden on intrastate carriers is equivalent to the property tax burden imposed on interstate carriers by the indefinite-situs tax. As such, argue appellants, the tax burden placed on interstate carriers is no greater than the burden placed on intrastate carriers, thus enabling the statute to pass constitutional muster.

Appellants rely on a "compensating tax" theory. "The common thread running through the cases upholding compensatory taxes is the equality of treatment between local and interstate commerce." *Maryland v. Louisiana,* 451 U.S. at 759, 101 S.Ct. at 2135, 68 L.Ed.2d at 603; *See, e.g., Alaska v. Arctic Maid, supra* (4% tax on foreigners who catch salmon in state waters and ship them south to be canned is permissible because domestic canneries are already subject to 6% tax); *Henneford v. Silas Mason Co.,* (1937) 300 U.S. 577, 57 S.Ct. 524, 81 L.Ed. 814 (2% state use tax constitutional because complementary to 2% state sales tax); *See also Boston Stock Exchange v. State Tax Comm'n,* (1977) 429 U.S. 318, 97 S.Ct. 599, 50 L.Ed.2d 514 (state transfer tax statute imposing higher tax on in-state transfer of securities resulting from out-of-state sales than those resulting from in-state sales unconstitutional). The thrust of the doctrine is that where the two taxes are comparable in nature and purpose, and are designed to meet the same end, the tax on the local activity offsets the tax on interstate activity for purposes of the Commerce Clause.

The trial court relied on a recent decision by the Supreme Judicial Court of Maine in which the court rejected the state's argument that permit fees on out-of-state trucks were equivalent to personal property taxes imposed on in-state trucks exempted from paying the fees. *American Trucking Associations, Inc. v. Quinn,* (1981) Me., 437 A.2d 623. The court stated:

"Neither excise taxes nor registration fees are complementary to section 246–A. Excise taxes are similar to personal property taxes collected by municipalities for any purpose. 36 M.R.S.A. § 1489(a) (1978). They thus resist analogy to a highway use fee collected by the State and dedicated to the highway fund." *Id.* at 626.

Similarly, Indiana's local property tax resists analogy to the controverted indefinite-situs tax. Domestic motor carriers in Indiana are taxed pursuant to Ind.Code § 6–1.-1–3–1 *et seq.,* the general business property tax. Local property taxes are assessed and collected by local taxing districts, at rates that vary from taxing district to taxing district. Unlike the indefinite-situs tax, which is apportioned according to a mileage-based formula, the taxes are assessed on the basis of property value, bearing no relation to road usage.

The taxes are also dissimilar in purpose. As appellants admit, the statute was enacted for the specific purpose of providing the additional funds necessary to accommodate the increased allowable tonnage of trucks travelling on Indiana public highways. The funds are to be applied primarily to the State Highway Fund. Ind.Code § 6–1.1–8–35(c). Local property taxes are designated for "[s]tate expenditures and for the support of the political subdivisions of this state," Ind.Code § 6–1.1–2–3, to be utilized for general governmental services.

As the two taxes are different in nature and purpose, the local property tax imposed on domestic carriers does not compensate for the burden placed on interstate carriers by the indefinite-situs tax. We hold that the statute, by imposing a tax which un-

fairly discriminates against interstate motor carriers, is unconstitutional under the Commerce Clause, art. I, § 8, cl. 3 of the United States Constitution.

We note that appellants have couched their allegations of error in terms of the trial court's failure, by granting appellees' motion for summary judgment, to construe "inferences of fact" in their favor as the non-moving party. Summary judgment is appropriate only where there is no genuine issue of material fact, including disputes regarding factual inferences to be drawn from undisputed facts. *See* Ind.R.Tr.P. 56; *Churchwell v. Firestone Industrial Products Co.,* (1982) Ind.App., 431 N.E.2d 853. Here, there is no factual dispute concerning the applicability, rates or purposes of the respective taxes. The issue of whether the respective tax burdens are equivalent is a question of law, ascertained by applying Commerce Clause principles. The trial court made its determination by necessarily applying legal standards to the issue of discrimination against interstate commerce, and in doing so, properly employed summary judgment in concluding this action.

The trial court is in all things affirmed.

All Justices concur.