**American Trucking Assns., Inc., International Transport, Inc., Harnum, B.H., Inc., Individually and on Behalf of All Others Similarly Situated v. William Conway, Comm'r, Motor Vehicles, Paul Philbrook, Comm'r, Public Safety, Richard Snelling, Governor, State of Vermont, and Thomas Evslin, Secretary, Agency of Transportation, Each Individually and in Their Official Capacities**

[508 A.2d 405]

No. 83-452

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed February 21, 1986

*Ralph A. Foote, Robert H. Moyer,* and *Charles Starbuck* of *Conley and Foote,* Middlebury, for Plaintiffs-Appellants.

*Jeffrey L. Amestoy,* Attorney General, and *Robert C. Schwartz,* Assistant Attorney General, Montpelier, for Defendants-Appellees.

**Peck, J.** This is an appeal by the plaintiff class[1] from the November 16, 1983, judgment order of the Washington Superior Court, which dismissed plaintiffs' action with prejudice. Plaintiffs had challenged the constitutionality of a set of statutes which authorized the imposition of certain fees upon truck owners or operators whose trucks were not registered in Vermont. The trial court upheld the fee system as constitutional. We reverse.

Vermont adopted the challenged fee system in 1981. 23 V.S.A. §§ 415-419 (Cum. Supp. 1982) (Act 87). We have previously summarized Act 87:

> Act No. 87 required operators of trucks with a gross weight of 18,000 pounds or more which were registered outside of Vermont to obtain a permit, costing $40, for each truck that would be owned or operated in Vermont. *Id.* at § 18 (codified at 23 V.S.A. § 415 (Cum. Supp. 1982)). In addition, a fee was charged for each time a foreign registered truck entered the state. The entry fee was $15, with a surcharge of $10 if the foreign truck was registered in a state that imposed more than one tax on trucks using its highways. *Id.* at § 19 (codified at 23 V.S.A. § 417 (Cum. Supp. 1982)). In lieu of these two charges, operators could purchase a single trip permit, which authorized a single entry into Vermont for a fee of $40. *Id.* at § 18a (codified at 23 V.S.A. § 415a (Cum. Supp. 1982)). None of these fees were assessed against Vermont registered trucks.

*American Trucking Associations, Inc.* v. *Conway*, 142 Vt. 17, 18-19, 451 A.2d 42, 42-43 (1982). The fees were paid into the "Transportation Fund" for construction and maintenance of Vermont highways.

In 1981 plaintiffs attacked Act 87 on constitutional grounds, alleging, among other things, that the fee system violated the Commerce Clause of the United States Constitution. Plaintiffs requested declaratory, injunctive and monetary relief. The trial court held the fee system constitutional and plaintiffs appealed. This Court vacated the judgment of the lower court and remanded for additional findings of fact. *Id.* at 23, 451 A.2d at 45.

---

[1] The members of the plaintiff class were defined by court order as "all interstate motor carriers primarily registered outside of the State of Vermont and now or during pendency of this action subject to payment of fees prescribed by 23 V.S.A. § 415, § 415a and § 417."

On remand the trial court again declared the Act constitutional. The new judgment was based, in part, on a stipulation of the parties adopted in the original court decree, the findings as amended, and the original conclusions of law. The stipulation included an agreement that:

> But for the registration fees provided for in 23 V.S.A. 367 and 23 V.S.A. 371 (a), the purchase and use taxes [32 V.S.A. § 9701-9818] assessed by the State of Vermont, and the gasoline fuel taxes assessed on fuels purchased in the State of Vermont, carriers whose motor vehicles are registered in the State of Vermont pay no fees, taxes or other assessments to the State of Vermont for the operation of their motor trucks within the boundaries of Vermont.

The original findings included:

> All of the United States jurisdictions impose registration licensure on the domiciliary motor trucks. It is thus a fact that virtually all motor trucks pass freely, as far as compliance with registration requirements is concerned, in interstate commerce throughout the nation if they have complied with the registration requirements of their state of domicile.

The trial court held the fee system imposed under Act 87 did not discriminate against interstate commerce because it operates as a compensation tax. In effect, the court held that the Act 87 fees imposed on foreign-registered truckers were offset by, or served to compensate for, the fees imposed on *only* Vermont registered truckers—registration fees, 23 V.S.A. § 367, and the purchase and use taxes, 32 V.S.A. §§ 9701-9818.

 The fees imposed by Act 87 are not "compensatory" and are violative of the Commerce Clause. A state tax "is not *per se* invalid because it burdens interstate commerce since interstate commerce may constitutionally be made to pay its way." *Maryland* v. *Louisiana*, 451 U.S. 725, 754 (1981). Nevertheless, the state's right to tax interstate commerce is limited. Two tests have been employed by the United States Supreme Court in considering the constitutionality of taxes affecting interstate commerce. The parties disagree as to which test should be applied.[2] To sur-

---

[2] The proper test, according to plaintiffs, is the one announced in *Complete Auto Transit, Inc.* v. *Brady*, 430 U.S. 274, 287 (1977):

vive a Commerce Clause challenge under either test, the state-imposed tax must not discriminate against interstate commerce. We need not decide which test applies as Act 87 fails under the discrimination prong of both.

As indicated by the Supreme Court:

> One of the fundamental principles of Commerce Clause jurisprudence is that no State, consistent with the Commerce Clause, may "impose a tax which discriminates against interstate commerce . . . by providing a direct commercial advantage to local business." *Northwestern States Portland Cement Co. v. Minnesota*, 358 U.S. 450, 458 (1959). See *Boston Stock Exchange v. State Tax Comm'n*, 429 U.S. 318, 329 (1977). This antidiscrimination principle "follows inexorably from the basic purpose of the Clause" to prohibit the multiplication of preferential trade areas destructive of the free commerce anticipated by the Constitution. *Boston Stock Exchange, supra.* See *Dean Milk Co. v. Madison*, 340 U.S. 349, 356 (1951).

*Maryland v. Louisiana, supra*, 451 U.S. at 754.

■ The defendants apparently concede that all members of the plaintiff class are engaged in interstate commerce. On the other hand, for the purpose of this case, Vermont-registered trucks constitute an element of local or intrastate commerce. Given this fact, we conclude Act 87 on its face discriminates against interstate commerce and violates the Commerce Clause. In *American Trucking Associations, Inc. v. Quinn*, 437 A.2d 623, 627 (Me. 1981), a statute requiring foreign truckers in Maine to pay much higher permit fees than Maine truckers was ruled facially discriminatory and violative of the Commerce Clause. Similarly, under Act 87 foreign-registered truckers must pay the fees while Vermont-registered truckers and their customers are

---

1. Is the taxed activity sufficiently connected to the state to justify a tax?
2. Is the tax fairly related to benefits provided the taxpayer?
3. Does the tax discriminate against interstate commerce?
4. Is the tax fairly apportioned?

On the other hand, defendants contend the proper test is the one employed in a pre-*Complete Auto* line of cases known as "flat fee" cases. See, e.g., *Capitol Greyhound Lines v. Brice*, 339 U.S. 542 (1950); *Aero Mayflower Transit Co. v. Board of Railroad Commissioners*, 332 U.S. 495 (1947); *Aero Mayflower Transit Co. v. Georgia Public Service Commission*, 295 U.S. 285 (1935).

protected from the impact of the tax. Members of the plaintiff class are at a competitive disadvantage. It is true that the members of the plaintiff class need pay neither Vermont registration fees, 23 V.S.A. § 411,[3] nor the sales and use taxes, 32 V.S.A. § 8903.[4] They need not pay these fees and taxes *only because* they have registered their vehicles, and therefore paid their registration fees, in their home state. Having thus waived the right to impose either the sales and use tax or the registration fee upon foreign-registered trucks, Vermont may not point to those taxes as complementary for the purpose of saving an otherwise discriminatory tax. As the Maine Supreme Judicial Court said:

> When an owner or operator of a Maine-based truck pays his registration fee, he purchases the right to operate in any of 46 states; the highway use fee set by section 246-A, by contrast, buys for the foreign-based truck only the right to use Maine roads. In a practical economic sense, reciprocity represents an indirect contribution by foreign-based trucks to the treasury of the State of Maine; the agreement of their home states not to tax Maine-based trucks leaves Maine free to collect more than it otherwise could from its own truckers.

*American Trucking Associations, Inc.* v. *Quinn, supra*, 437 A.2d at 627.

When the members of the plaintiff class registered in their home states they purchased the right to operate in states like Vermont with registration reciprocity similar to that embodied in 23 V.S.A. § 411. Just like the plaintiffs in Maine, the members of the plaintiff class have already indirectly contributed to Vermont's treasury by virtue of this reciprocity. Thus, the sales and use taxes and the registration fees imposed on Vermont truckers

---

[3] Any motor vehicle owned by a nonresident shall be considered registered in Vermont if the nonresident owner has complied with the laws of his home state. This exemption only applies to the extent that the laws of the nonresident's home state grant similar exemptions to Vermont-registered motor vehicle owners and operators. Since the members of the plaintiff class have all complied with their home state registration requirements, they need not register in Vermont unless their home states do not grant similar privileges to Vermonters.

[4] Members of the plaintiff class need not pay the purchase and use tax because they have never registered their vehicles in the State of Vermont.

are not complementary to and do not save the facially discriminatory provisions of Act 87.

Plaintiffs' claim for monetary relief is controlled by our opinion in *American Trucking Associations, Inc.* v. *Conway*, 146 Vt. 579, 508 A.2d 408 (1986), in which we held that sovereign immunity barred a similar claim. Accordingly, we deny this claim for monetary relief.

*Reversed.*