45704. STATE OF GEORGIA et al. v. PRIVATE TRUCK
COUNCIL OF AMERICA, INC. et al.
45705. PRIVATE TRUCK COUNCIL OF AMERICA, INC. et al. v.
STATE OF GEORGIA.
(371 SE2d 378)

GREGORY, Justice.

This case presents constitutional challenges to OCGA §§ 40-2-111 and 40-2-112. OCGA § 40-2-111, as amended by Ga. Laws 1984, p. 1199, § 1, provides, in relevant part,

> In addition to any other provision of law regulating the registration of motor vehicles or fees paid therefor, a person owning or operating a motor truck, as defined in Code Section 40-2-110, upon the highways of this state, which is not registered in this state, shall apply to the commissioner for a highway use permit for each such motor truck to be so operated. Application shall be made upon a form prescribed by such commissioner and shall set forth such information as the commissioner may require. The application shall be accompanied by a permit fee of not more than $200.00, as determined under the rules and regulations of the commissioner, using a comparison of such fees charged by the state or province of registration of the motor truck. . .

OCGA § 40-2-112, as amended by Ga. Laws 1984, p. 1199, § 2 provides,

> In addition to the permit fee provided in Code Section 40-2-111, a person operating a motor truck on the highways of this state, which truck is registered in a state or province which imposes upon motor trucks registered in this state a tax, fee, or toll for the privilege of operating such truck upon the highways of such state or province, which is in addition to any tax, fee or toll imposed upon gasoline or other motor fuel purchased within such state or province, or registration fee, shall pay a fee of not more than $25.00, as determined under the rules and regulations of the commissioner, using a comparison of such taxes, fees, or tolls charged by the state or province of registration of the motor truck, for each round trip into this state, in lieu of a tax computed and applied

in the same manner as the tax, fee, or toll of such other state or province so long as such tax, fee, or toll imposed by such other state or province shall remain in force.

Plaintiff Private Truck Council of America Inc. is a New York Corporation whose membership consists of 1800 companies operating as motor carriers. Plaintiff PPG Industries is a Pennsylvania corporation which operates 75 motor trucks registered in Ohio. Plaintiff W. H. Christie & Sons, Inc. is a New York corporation which operates 25 motor trucks registered in Pennsylvania. The parties have stipulated that each of the plaintiff motor carriers is subject to the taxes imposed by the code sections in question. The plaintiffs filed this class action[1] for a declaratory judgment that OCGA §§ 40-2-111 and 40-2-112 are violative of the Commerce Clause of the United States Constitution, Art. I, Sec. VIII, cl. III, in that they unlawfully burden interstate commerce. The plaintiffs also sought an injunction prohibiting further enforcement of these statutes. The trial court granted class action certification and entered judgment in favor of the plaintiffs on these and related issues, but denied their claim as to attorney fees under 42 USC § 1988. In case no. 45704, the state appeals various rulings of the trial court with regard to the constitutionality of OCGA §§ 40-2-111 and 40-2-112. In case no. 45705, the plaintiffs appeal the denial of their claim for attorney fees under 42 USC § 1988.

*Case No. 45704*

1. The state argues the trial court erred in holding that OCGA §§ 40-2-111 and 40-2-112 are violative of the Commerce Clause. It is true, as the state argues, that "a state tax is not *per se* invalid because it burdens interstate commerce since interstate commerce may constitutionally be made to pay its way." *Maryland v. Louisiana*, 451 U. S. 725, 754 (101 SC 2114, 68 LE2d 576) (1981). However, it is also true that a state's power to tax interstate commerce is limited, and no state tax may be sustained unless "the tax: (1) has a substantial nexus with the State; (2) is fairly apportioned; (3) does not discriminate against interstate commerce; and (4) is fairly related to the services provided by the State." *Washington Revenue Dept. v. Washington Stevedoring Assn.*, 435 U. S. 734, 750 (98 SC 1388, 55 LE2d 682) (1978). The statutes challenged in this case unquestionably discriminate against interstate commerce because they impose taxes on vehicles registered in certain states which are not imposed on vehicles reg-

---

[1] The class in question consists of all motor carriers whose vehicles are registered in Alaska, Arizona, Arkansas, Colorado, Idaho, Kentucky, Nevada, New Mexico, New York, Ohio, Oregon, Pennsylvania and Wyoming.

istered in the State of Georgia. *Private Truck Council of America, Inc. v. State of New Hampshire,* 517 A2d 1150 (S.C. N.H. 1986); *Private Truck Council of America, Inc. v. Secretary of State,* 503 A2d 214 (S.C. Me. 1986); *American Trucking Assns. v. Conway,* 508 A2d 405 (S.C. Vt. 1986). Furthermore, the state concedes the statutes in question were enacted to retaliate against those states which impose similar highway-use taxes on Georgia vehicles. Such a retaliatory purpose is impermissible under the Commerce Clause. *Great Atlantic & Pacific Tea Co. v. Cottrell,* 424 U. S. 366, 379-80 (96 SC 923, 47 LE2d 55) (1976). The statutes are therefore violative of the Commerce Clause and the trial court did not err in striking them down.

The state nonetheless argues that the taxes imposed by OCGA §§ 40-2-111 and 40-2-112 are "compensatory" in that they complement the registration fees which vehicles registered in this state are required to pay for the privilege of using Georgia highways. See OCGA § 48-10-2. "The common thread running through the cases upholding compensatory taxes is the equality of treatment between local and interstate commerce." *Maryland v. Louisiana,* supra, 451 U. S. at 759. It cannot be said that the purpose of the taxes in question is to complement registration fees on domestic vehicles since the taxes imposed by OCGA §§ 40-2-111 and 40-2-112 apply only to vehicles registered in thirteen states. There is no equality of treatment. Only those motor carriers registered in states which impose an additional tax on Georgia-registered vehicles are burdened with the taxes in question. The taxes are retaliatory, not compensatory. We note that other states which have considered this argument have rejected it on similar grounds. See *Private Truck Carriers of America, Inc. v. State of New Hampshire,* supra, 517 A2d 1150; *Private Truck Carriers of America, Inc. v. Secretary of State,* supra, 503 A2d 214; *American Trucking Assns., Inc. v. Conway,* supra, 508 A2d 405.

2. The trial court held that the three-year statute of limitations period of OCGA § 48-2-35, the tax refund statute, would be tolled from the date of the filing of the complaint, December 17, 1984, to the date of entry of judgment, July 23, 1987, under the doctrine of equitable tolling. We agree with the state that the trial court erred in this regard.

The doctrine of equitable tolling provides that when a class action is filed, the statute of limitations for the action is tolled for all asserted members of the class during the pendency of the action. *Crown, Cork &c. Co. v. Parker,* 462 U. S. 345 (103 SC 2392, 76 LE2d 628) (1983). The tolling of the statute of limitations permits class members to rely on the class action to protect their rights without concern that the statute of limitations on their individual claims will have run should class certification ultimately be denied. Id.

In this case plaintiffs filed a class action seeking a declaratory

judgment that OCGA §§ 40-2-111 and 40-2-112 are unconstitutional. This was not a suit brought for a refund under OCGA § 48-2-35. A class action suit for a tax refund may not be maintained in Georgia. *Henderson v. Carter,* 229 Ga. 876 (195 SE2d 4) (1972). The doctrine of equitable tolling protects only those claims asserted in the lawsuit from being barred by the applicable statute of limitations. It does not apply to resurrect claims not asserted in the lawsuit which are time-barred. The trial court erred in holding the statute of limitations to OCGA § 48-2-35 is tolled such that plaintiffs may revive unasserted claims for refunds which might have existed prior to the filing of the complaint.

3. Our holding in Division 2 renders moot the state's argument that the trial court erred in determining the constitutionality of OCGA §§ 40-2-111 and 40-2-112 as they existed prior to the 1984 amendments.[2]

4. Shortly after the complaint was filed the trial court granted plaintiffs' motion to require the State Revenue Commissioner to deposit all funds prospectively collected pursuant to OCGA §§ 40-2-111 and 40-2-112 in an escrow fund. The trial court found that there was a "substantial likelihood" plaintiffs would prevail on the constitutional attack to these statutes, and held that the escrow fund would facilitate returning to individual members of the class amounts paid under the statutes during the pendency of the action.

The state argues the trial court erred in creating this escrow fund as a class action for refunds may not be brought in Georgia. *Henderson v. Carter,* supra, 229 Ga. 876.

*Henderson v. Carter* is distinguishable. This was not a class action suit for refunds. It was a suit for a declaratory judgment that certain taxing statutes are unconstitutional. The trial court permitted tax monies prospectively collected under these statutes to be paid into a fund during the pendency of litigation for easy distribution in the event plaintiffs prevailed. This was not a suit to reclaim tax monies which the state has already collected. After all, if the litigation had been completed in a short time no taxes would have been paid into the escrow account. We hold the trial court did not err in establishing the escrow account.

5. Nor did the trial court err in permitting attorney fees to be paid out of the escrow account under the common-fund doctrine. The common-fund doctrine is an exception to the general rule that each litigant must pay his own attorney fees. It provides that a person who at his own expense and for the benefit of persons in addition to him-

---

[2] It is undisputed that the 1984 amendments changed only the amount of the taxes from a flat rate of $10 to a sliding scale rate. See Ga. Laws 1953, Nov.-Dec. Session, p. 343, part 2.

self, maintains a successful action for the preservation, protection or creation of a common fund in which others may share with him is entitled to reasonable attorney fees from the fund as a whole. *Ewing v. First Nat. Bank of Atlanta*, 209 Ga. 932 (76 SE2d 791) (1953). *Boeing Co. v. Van Gemert*, 444 U. S. 472 (100 SC 745, 62 LE2d 676) (1980). "The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." Id. at 478. To the extent that *Eckford v. Borough of Atlanta*, 173 Ga. 650 (160 SE 773) (1931), relied on by the state, is in conflict with this decision, it is overruled.

6. The parties agree the trial court erred in awarding 9% interest on the funds collected in the escrow account as this is not a suit brought pursuant to OCGA § 48-2-35. The parties further agree that plaintiffs are entitled only to the interest actually earned on the escrow account. The case is remanded to the trial court for a determination of interest earned on the escrow account and entry of judgment as to that amount.

### Case No. 45705

7. We agree with the state that plaintiffs may not recover attorney fees under 42 USC § 1988 for the Commerce Clause violation in this case. *Consolidated Freightways Corp. of Delaware v. Kassel*, 730 F2d 1139 (8th Cir. 1984); *Private Truck Council of America, Inc. v. Secretary of State*, 503 A2d, supra; *Private Truck Council of America, Inc. v. State of New Hampshire*, 517 A2d, supra.

*Case No. 45704. Judgment affirmed in part and reversed and remanded in part. Case No. 45705. Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1988 —
RECONSIDERATION DENIED SEPTEMBER 28, 1988.

*Michael J. Bowers*, Attorney General, *Verley J. Spivey*, Senior Assistant Attorney General, *Warren R. Calvert*, Assistant Attorney General, for appellants.

*Zuckert, Scoutt, Rasenberger & Johnson, Richard O. Allen, Bondurant, Mixson, & Elmore, Emmet J. Bondurant*, for appellees.