NIMMONS, Judge.
The State of Florida Department of Revenue (DOR) appeals from a final judgment declaring Section 207.004(5)(d), Florida Statutes unconstitutional as an unlawful burden on interstate commerce in violation of the Commerce Clause of Article I, Section 8, Clause 3, of the United States Constitution. We affirm.
The State of Florida imposes several taxes and fees on motor carriers that operate within the state. The principal taxes are fuel taxes, which are imposed oh the purchase or consumption of fuel within the state. Chapters 206 and 207, Florida Statutes. These taxes are paid by all motor carriers, including Florida-based carriers, regardless of the state of registration of the vehicles.
In addition, Florida imposes “retaliatory” taxes and fees solely on motor carriers whose vehicles are registered in certain states other than Florida. Section 207.-004(5)(d), Florida Statutes. Many of these foreign carriers subject to the tax are members of the appellee, Private Truck Council of America, Inc. (PTCA). Section 207.-004(5)(d) provides:
Any motor carrier that registers in this state under this chapter whose base state imposes a regulatory fee, a highway use tax, a road tax, or another third-structure fee, including, but not limited to, a license fee similar to that imposed under chapter 320 or any type of regulatory fee or tax under which payment is required as a condition to the operation of a commercial motor vehicle on the public highways of that state, on Florida-based carriers is subject to the same tax or regulatory fee as that imposed by the base state on the Florida-based carriers on the vehicles which the motor carrier uses in this state.
Section 207.004(5) is designed to retaliate against so-called “third-structure taxes”[1] which are imposed by certain states on all motor carriers operating in those states, including Florida-registered carriers, and to which Florida objects. The statute imposes a retaliatory “mirror” tax on carriers whose vehicles are registered in those states and operate in Florida. For example, because Arizona enacts a mileage tax of eight cents per mile on every vehicle over 75,000 pounds gross weight operating in Arizona, wherever registered, Section 207.004(5)(d) imposes the identical tax again on each Arizona-registered vehicle that comes into Florida.
The most important feature of the Florida taxes for purposes of this case is that they are not imposed on vehicles registered in Florida. Instead, they are imposed solely on carriers who register their trucks in the twenty-one other states that impose third-structure taxes on vehicles operating in those states, including Florida-registered vehicles. As acknowledged by DOR, the purpose of Section 207.004(5)(d) is to induce those states to repeal their third-structure taxes, or to exempt Florida-registered trucks from them, by imposing the same taxes and fees solely on carriers from those states that come into Florida.
It is firmly established that a state may not impose a tax which discriminates *369 against interstate commerce. Armco Inc. v. Hardesty, 467 U.S. 638, 104 S.Ct. 2620, 81 L.Ed.2d 540 (1984); Boston Stock Exchange v. State Tax Commission, 429 U.S. 318, 97 S.Ct. 599, 50 L.Ed.2d 514 (1977). One of the fundamental principles of Commerce Clause jurisprudence is that no state may “impose a tax which discriminates against interstate commerce ... by providing direct commercial advantage to local business.” Northwestern States Portland Cement Co. v. State of Minnesota, 358 U.S. 450, 458, 79 S.Ct. 357, 362, 3 L.Ed.2d 421 (1959). This antidiscriminatory principle follows from the basic purpose of the Clause which is to prohibit the multiplication of preferential trade areas destructive of the free commerce contemplated by the Constitution. See Boston Stock Exchange, 429 U.S. at 329, 97 S.Ct. at 606.
Because Section 207.004(5)(d) levies on certain foreign-registered trucks taxes that Florida does not assess against Florida-registered trucks, Florida’s retaliatory tax statute could not more directly violate the . Commerce Clause. On point are recent decisions of other state courts invalidating retaliatory motor carrier tax statutes virtually identical to Florida’s statute. See Private Truck Council of America, Inc. v. Secretary of State, 503 A.2d 214 (Me.1986); Private Truck Council of America, Inc. v. State, 128 N.H. 466, 517 A.2d 1150 (1986); and American Trucking Ass’n, Inc. v. Conway, 146 Vt. 574, 508 A.2d 405 (1986). The purpose of all such statutes is the same: coercive retaliation to force certain “offending states” to drop the extra tax burdens they impose on the enacting state’s trucks. The discrimination inherent in such statutes is apparent and unquestionable. The fees and taxes have the effect of giving the enacting state’s registered trucks a commercial advantage over its out-of-state competition. These statutes also discriminate between foreign trucks by giving trucks from the nonoffending states a similar advantage over competition from the offending states.
DOR argues that the purpose of Florida’s retaliatory tax statute is to discourage any state from imposing discriminatory taxes or other burdens upon out-of-state companies. Contrary to DOR’s assertions, however, such a purpose is not a legitimate one. Discrimination cannot be corrected by retaliation. See Travis v. Yale & Towne Mfg. Co., 252 U.S. 60, 40 S.Ct. 228, 64 L.Ed. 460 (1920). To prevent the destructive effects of the resulting economic warfare among the states was one of the primary goals sought to be accomplished by the Constitution. Id. To the extent that the twenty-one states whose vehicles are currently subject to Florida’s retaliatory truck tax are themselves unconstitutionally burdening interstate commerce with their third-structure taxes, the Commerce Clause itself creates the necessary reciprocity. Florida and its truckers may pursue their constitutional remedy by suit in state or federal court challenging those twenty-one states’ actions as violative of the Commerce Clause, instead of enacting retaliatory taxes. See Great Atlantic & Pac. Tea Co. v. Cottrell, 424 U.S. 366, 96 S.Ct. 923, 47 L.Ed.2d 55 (1976). As recognized in Private Truck Council of America, Inc. v. Secretary of State, 503 A.2d at 218, a state “may not violate the Commerce Clause in an attempt through self-help to coerce another state into desisting from a Commerce Clause violation.”
Sufficiently analogous to the instant case is the Florida Supreme Court’s recent decision in Division of Alcoholic Beverages and Tobacco, Dept. of Business Regulation v. McKesson Corp., 524 So.2d 1000 (Fla.1988), in which the Court struck down a retaliatory provision in Florida’s alcoholic beverage excise tax statute. Sections 564.-06 and 565.12, Florida Statutes (1985). The court held that the portion of the statute which denied tax preference to alcoholic beverages manufactured or bottled in states which imposed discriminatory taxes on alcoholic beverages manufactured or bottled outside their boundaries is unconstitutional. In so holding, the court reasoned that a state may not enact discriminatory legislation in response to another state’s unreasonable burden on commerce, citing as support the Maine Supreme Court’s decision in Private Truck Council of America, Inc. v. Secretary of State, 503 A.2d 214 (Me.1986). The court recognized that it is the Commerce Clause itself that provides *370 the remedy for discriminatory taxes or requirements placed on out-of-state products. McKesson, 524 So.2d at 1009.
DOR also argues that the statute “secures reciprocity” by inducing other states not to impose third-structure taxes on Florida-registered vehicles. DOR maintains that interstate commerce is ultimately promoted by the operation of such statute.[2] Contrary to DOR’s assertions, however, Section 207.004(5)(d) does not “secure reciprocity.” “Reciprocity,” as used by DOR, is the decision of another state, in response to Florida’s pressure, to eliminate that state’s taxes or exempt Florida-registered trucks from them. That is not reciprocity. Reciprocity is the voluntary exchange of reciprocal benefits of two or more states. Retaliatory measures, like Florida’s, however, are quite different. They do not grant reciprocal privileges to carriers from other states to operate free from any requirements or taxes imposed by Florida law on its own residents; instead, through such measures, Florida is simply saying to other states: “We will impose a burden on carriers which we do not otherwise impose on any carrier, including our own, unless you refrain from imposing such a burden on carriers operating in your state.” This unilateral retaliation bears no resemblance to mutual reciprocity; it is simply retaliation and is manifestly discriminatory. See Great Atlantic & Pac. Tea Co. v. Cottrell, 424 U.S. 366, 96 S.Ct. 923, 47 L.Ed.2d 55 (1976) and Austin v. New Hampshire, 420 U.S. 656, 95 S.Ct. 1191, 43 L.Ed.2d 530 (1975).
DOR further maintains that Section 207.-004(5)(d) is valid because it discriminates against only some, not all, foreign-registered trucks, i.e., only those trucks registered in those twenty-one jurisdictions imposing third-structure taxes on Florida-registered vehicles that may go into those states. Such argument is without merit. Balkanization, even though only partial, is still Balkanization. See Lewis v. B.T. Inv. Managers, Inc., 447 U.S. 27, 100 S.Ct. 2009, 64 L.Ed.2d 702 (1980) (Florida statute stricken as violative of the Commerce Clause even though the statute discriminated against only certain types of out-of-state financial institutions). It is absurd to suggest that a state could legitimize a discriminatory statute by exempting citizens of one or a few other states from its requirements, while still discriminating against the rest. See Private Truck Council of America, Inc. v. Secretary of State, 503 A.2d 214 (Me.1986) (similar argument specifically rejected by Supreme Court of Maine); and American Trucking Associations, Inc. v. Scheiner, — U.S. -, 107 S.Ct. 2829, 97 L.Ed.2d 226 (1987) (a tax need only discriminate against some participants in interstate commerce to be unconstitutional).
Accordingly, we hold that Section 207.-004(5)(d), Florida Statutes, constitutes an unlawful burden on interstate commerce in violation of the Commerce Clause. The trial court’s final judgment is therefore AFFIRMED.
THOMPSON and BARFIELD, JJ., concur.

. A “third structure tax” is one that is imposed on motor carriers in addition to the more traditional charges levied by states on such carriers, which are truck registration fees and motor fuel taxes ("first and second structure” taxes). Ex-ampies of third structure taxes include ton-mile taxes, which are based on the weight of trucks and the mileage operated in the taxing state, and axle taxes, which impose a flat charge based on the number of axles on each vehicle.

. These exact arguments have been advanced and rejected in other cases involving retaliatory truck tax legislation. See Private Truck Council of America, Inc. v. Secretary of State, 503 A.2d 214 (Me.1986); Private Truck Council of America, Inc. v. State, 128 N.H. 466, 517 A.2d 1150 (1986); and American Trucking Ass’n, Inc. v. Conway, 146 Vt. 574, 508 A.2d 405 (1986).