47712, 47713. BLACKMON v. GEORGIA INDEPENDENT OILMEN'S ASSOCIATION et al.; and vice versa.

CLARK, Judge. These two appeals represent the aftermath of the ruling by this court in *State of Ga. v. Thoni Oil &c. Stations,* 121 Ga. App. 454 (174 SE2d 224) which was affirmed in 226 Ga. 883

(178 SE2d 173). In the *Thoni* case we ruled the federal excise tax was properly includable as a part of the retail sales price on which the state sales and use tax was to be calculated but there was a prohibition against absorption of the state motor fuel tax because the retail seller was required to pass this on to the consumer.

The instant action was brought by sixteen gasoline-retailer plaintiffs seeking $155,472.29 on their own and $14,600,000 on behalf of a class for refund of amounts paid by them to the revenue commissioner as sales taxes illegally imposed as a "tax on a tax" contrary to the *Thoni* decision.

Georgia Independent Oilmen's Association, Inc. pleaded it was entitled to join in this action as a voluntary association with a large membership engaged in the retail disposition of gasoline in our state and that the individual plaintiffs are members thereof.

The sixteen plaintiffs averred that they had not collected or received from their customers any sums as sales taxes on the total of 10 1/2 cents per gallon federal and state taxes. With exception of the Association and Southern Stores, Inc. each of the individual plaintiffs had filed claims with the state revenue commissioner which had been denied. The two plaintiffs who had not filed claims took the position this was not necessary because the association had been advised by a letter from the commissioner that he would not approve any refund claims filed by a retailer.

Count 1 constituted a class action whereas count 2 sought repayment of the alleged invalid remitted sales taxes.

After filing his answers containing a number of defenses with denials of the complaint's allegations the commissioner obtained certain evidentiary information through interrogatories and requests for admission. The material stated in the answers made in these discovery proceedings is relied upon as negating the allegation in paragraph 5 of the complaint which reads: "At no time did plaintiffs ever collect or receive from their customers any sums as sales taxes on the total of 10 1/2 cents per gallon federal and state taxes." Based upon these answers the commissioner filed a motion for summary judgment including as a part thereof the affidavit of the Director of the Sales and Use Tax Unit.

Additionally, the commissioner filed a motion to dismiss the claims of the association and of Southern Stores, Inc.

The trial judge sustained the motion to dismiss count 1 as to the

association and Southern Stores, Inc. which sought to proceed as a class action but entered an order denying the motion for summary judgment as to the sixteen retailers as a class action in count 1 and as to all of the plaintiffs in count 2.

Two separate appeals are now before us. That by the association and Southern Stores, Inc. is to the dismissal of the class action count as to them. The other is by the commissioner averring error upon the denial of his summary judgment motion.

1. The class action contention is disposed of through a ruling made by our Supreme Court which was rendered after the docketing of this appeal. On December 4, 1972, *Henderson v. Carter,* 229 Ga. 876 (195 SE2d 4) held that a class action is not authorized under the provisions of our statute codified in Code Ann. § 92-8436 (b) which provides the method by which refunds may be made for erroneous or illegal collection of state taxes. The Supreme Court ruled that "The state has waived her sovereign immunity only to the extent provided by the express terms of the statute." Since that statute did not provide for a class action such proceeding is not permissible.

2. This sovereign immunity doctrine compels us to hold that neither the association nor Southern Stores, Inc. has standing to sue here because a suit for refund is not maintainable by a party who has not filed a claim for refund. As is stated in Code Ann. § 92-8436 (b) the consent of the state to be sued extends only to ". . . any taxpayer whose claim for refund is denied by the commissioner . . ., or with respect to whose claim no decision is rendered by the commissioner . . . within one year from the date of filing said claim. . ."

In short, the state's consent to be sued is conditioned on the prior filing of a refund claim.

It is argued the parties were relieved of filing a refund claim on the basis of a letter addressed to the association from the commissioner wherein he stated his position to be that "No refunds of the tax collected and remitted to the state can be made to retailers, except that used in their own vehicles." The contention is made that the law does not require the doing of a vain or futile thing and that it would be the highest form of casuistry under these circumstances to require a claimant to go through the motions required by the statute since denial is inevitable. A similar argument was made in *Henderson v. Carter,* 229 Ga. 876, supra, on the basis that public statements made by the State Revenue Commissioner amounted to a policy

declaration that was binding. Such contention was there rejected with our Supreme Court quoting from *Standard Oil Co. of Ky. v. State Revenue Commission,* 179 Ga. 371, 376 (176 SE 1) that "[T]he State is bound only by its laws, and every one must take notice thereof and recognize that public administrative officers can not change the laws." It should also be noted as was there quoted that "Powers of all public officers are defined by law, and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." Code § 89-903.

3. We turn now to the claims of the sixteen independent retailers. Observing the arguments stated in the brief submitted by the Attorney General cover correctly the legal propositions involved we adopt therefrom the following as our opinion: "Code Ann. § 92-8436 (b) extends the State's consent to be sued only with respect to overpayments by '. . . the taxpayer from whom such tax . . . was collected. . .' The essence of the action is overpayment of tax liability. Hawes v. Shuman, 228 Ga. 101 (1971), rev'g. 123 Ga. App. 543 (1971). The import of this narrow consent to suits against the State for refund of taxes under the Georgia Retailers' and Consumers' Sales and Use Tax Act is clear.

"That Act, Ga. Laws 1951, p. 360, as amended, imposes on each transaction a tax dual in nature focusing primarily on the purchaser but also on the seller. Code Ann. § 92-3402a (a); Hawes v. Phillips, 122 Ga. App. 714 (1970).

"Since Code Ann. § 92-8436 (b) extends the State's consent to be sued only to the 'taxpayer' who has overpaid his tax liability, a seller may not sue for refund of sales and use taxes under that provision unless he establishes his standing to assert that, *as a taxpayer,* he has overpaid his tax liability. If a seller has merely remitted taxes which he has shifted to his customers, he lacks standing to assert that as to those payments he as a taxpayer has overpaid his liability. See *Atlanta Americana Motor Hotel Corp. v. Undercofler,* 222 Ga. 295 (1)(1966); *Bear's Den, Inc. v. State of Georgia,* 97 Ga. App. 288 (1958), rev'd on other grounds, *Williams v. Bear's Den Inc.,* 214 Ga. 240 (1958).

"To maintain this action, therefore, each plaintiff-retailer must establish its standing to assert that it has overpaid its own true and correct liability as a taxpayer. Each plaintiff must, as a prerequisite to maintenance of this action, prove at trial its averment that the basis on which it computed and paid taxes is that the taxes were not first collected by it from its customers.

Each plaintiff must prove that it bore the burden of the taxes claimed to have been overpaid, not its customers. Otherwise, a plaintiff has not established a basis for asserting that it as a retailer has overpaid its liability as a taxpayer. Atlanta Americana Motor Hotel Corp. v. Undercofler, 222 Ga. 295 (1) (1966).

"Here plaintiffs plead that the taxes for which they seek a refund were *not* collected from their customers and were computed and paid to the State on that basis. The facts, uncontradicted and, indeed, elicited from plaintiffs by defendant's discovery, do not, as a matter of law, permit that position and preclude plaintiff's maintenance of this action." (Emphasis from brief.)

Although plaintiffs in paragraph 5 of their complaint pleaded that they did not collect the sales tax from their customers such contention is contradicted by the answers contained in the interrogatories and in the requests for admission. Such negation eliminates the contention of the existence of material issue of fact. In making his sales and use tax returns each plaintiff represented to the commissioner that all sales taxes had been collected from customers. Their computation was not on the basis that sales taxes had not been collected from their customers, their computations in fact being on the premise that their sales tax liability consisted only of liability for taxes collected from their customers, and they paid no more than the liability computed on such representations. An additional factor is their acknowledgment that the printed or written notice displayed on metered pumps specifically recited that the price for gasoline included all taxes or that similar language was posted which made known to the motorist purchasing gasoline that the price being paid included the federal and state taxes including sales taxes. There is no rebuttal to this interpretation of the language contained in these signs as was presented by the record in *Blackmon v. Premium Oil Stations,* 129 Ga. App. 169.

Additionally, we are impressed by the argument that these retailers deducted the vendor's commission on these sums to which they would be entitled only for "collecting, accounting for and remitting the tax." Code Ann. § 92-3425a.

It being shown the customers and not the retailers here paid the taxes the sixteen plaintiff retailers have no legal standing to obtain a refund under Code Ann. § 92-8436 (b).

4. We therefore hold the trial court erred in denying the motion for summary judgment by the State Revenue Commissioner and was

correct in sustaining the motion for dismissal of Georgia Independent Oilmen's Association, Inc. and Southern Stores, Inc. *Judgment reversed as to Case No. 47712. Judgment affirmed as to Case No. 47713. Hall, P. J., and Evans, J., concur.*
ARGUED JANUARY 4, 1973 — DECIDED APRIL 25, 1973.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Timothy J. Sweeney, Assistant Attorneys General,* for appellant. *Weltner, Kidd & Crumbley, Charles L. Weltner,* for appellees.