### 39045. RAGSDALE v. NEW ENGLAND LAND & DEVELOPMENT CORPORATION et al.

CLARKE, Justice.

This case presents two questions. First, is a shareholder's derivative action a remedy which is available to a person appointed as trustee for a bankrupt shareholder? Secondly, may a trustee in bankruptcy utilize a shareholder's derivative action in an attempt to set aside a corporate transaction when his bankrupt has ratified the transaction?

We answer the first question in the negative and therefore do not reach the second question.

Ragsdale is the trustee in bankruptcy for James D. Mason, having been appointed after Mason was adjudicated a bankrupt in 1981. In 1972, Mason, together with his brother and father, had formed New England Land and Development Corporation, of which they are the only shareholders. In 1976, a warranty deed from the corporation conveying a house and lot to James Mason's wife was recorded. The deed was signed by Wayne Mason as president of the corporation, and there is evidence that James Mason ratified the conveyance.

After his appointment as trustee, Ragsdale brought this derivative action "for the use and benefit of New England Land and

Development Corporation," alleging that the conveyance was without consideration and that it constituted actual or constructive fraud upon the equity shareholders of the corporation.

The grantee of the deed and the corporation denied that the conveyance was made without consideration and also denied the existence of any fraud. The defendants then moved to dismiss the suit, and the motion was granted by the trial court.

1. We turn first to the issue of whether a trustee in bankruptcy may maintain a shareholder's derivative action. An action for waste or misappropriation of corporate assets belongs not to the various shareholders, but to the corporation. *Pickett v. Paine,* 230 Ga. 786 (199 SE2d 223) (1973). A shareholder's derivative action is a remedy, and remedies exist to secure rights. It follows that a particular remedy is not available to a party who has no entitlement to the right sought to be secured. The shareholders may not participate directly in any recovery, although they stand to gain indirectly. If the rights to be protected by a shareholder's derivative action are those which belong to the corporation rather than the shareholders, even less do they belong to the creditors of an individual shareholder. The trustee acts as the representative of the estate of the bankrupt. 11 USCA § 323 (a). Looking realistically at the circumstances of a case such as the present one, we must conclude that although a trustee in bankruptcy stands in the shoes of the bankrupt, he acts for the benefit and protection of the creditors. His relationship to the bankrupt is more technical than real, while his relationship to the creditors is more real than technical.

To allow a trustee in bankruptcy of a shareholder to maintain a shareholder's derivative action is tantamount to allowing a creditor of a shareholder to maintain the action. This we cannot do because it would inevitably lead to the imposition of serious impediments to the orderly operation of legitimate corporate business. The purpose of the statute which provides for derivative actions by shareholders is to allow a means by which the rights of a corporation may be protected. If creditors of shareholders are allowed to maintain derivative actions, there is substantial risk that this purpose will be thwarted and the corporations detrimentally affected.

We do not hold that the creditor of a shareholder or his trustee in bankruptcy is without a remedy when the bankrupt acts with corporate officers to deprive creditors of assets to which they are entitled. Such remedies as an action to set aside a conveyance on the grounds of fraud remain available to creditors or trustees in bankruptcy.

2. Having held in Division 1 that a trustee in bankruptcy of a shareholder has no standing to bring a shareholder's derivative

action, we do not reach the question of whether the ratification of the conveyance barred the action.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 16, 1982.

Ragsdale, Beals, Hooper & Seigler, Peter S. Wynkoop, John W. Ragsdale, Jr., *for appellant.*

Cotton, White & Palmer, Stacey W. Cotton, J. Michael Lamberth, *for appellees.*