### 47018. COLLINS v. WALDRON et al.
(385 SE2d 74)

HUNT, Justice.

The state revenue commissioner appeals from an injunction issued by the superior court on April 14, 1989, directing that he maintain an escrow fund for all payments of income taxes attributable to federal pensions. The controversy stems from a holding by the United States Supreme Court in *Davis v. Michigan Dept. of Treasury,* 57 USLW 4389 (March 28, 1989), to the effect that it is unconstitutional for Michigan to impose an income tax on federal pensions and exempt state pensions.

The complainants are three retired federal employees. They insist that OCGA § 48-7-27, as it existed on the date of the injunction, creates distinctions similar to those struck down in *Davis.*

1. Subsequent to the oral argument of the case, the General Assembly repealed the challenged provisions of OCGA § 48-7-27 by the enactment of HB No. 1 EX. The new act, effective September 20, 1989, makes no distinction in the income tax treatment of state and federal pensions. Present OCGA § 48-7-27 (2) (a) provides that the new statute "shall apply to taxable years beginning on or after January 1, 1989."

2. The stated purpose of the injunction is to create and maintain an escrow fund pending determination of the legality of taxing federal pensions while exempting state pensions.

(a) The enactment of HB No. 1 EX has determined the future legal implications of the challenged provisions by repealing them. Income tax payments received by the commissioner after April 14, 1989 (the date of the injunction) will be governed by the new statute.[1] Hence, no judicial decision is needed to determine prospectively the legality of a non-existent statute.

---

[1] We are aware that some payments received by the commissioner after that date may relate to "taxable years" that commenced before January 1, 1989. Nothing in the record, however, suggests that such a possibility affects any of the three complainants. Nor does the record suggest that a substantial number of pensioners report income taxes on a fiscal year basis that differs from the calendar year. Even so, the refund statute (OCGA § 48-2-35) provides an adequate remedy for any vestigial disparity.

(b) Because our grant of supersedeas stayed the injunction, there is no escrow fund. No judicial supervision is needed for a fund that does not exist.

3. (a) Former distinctions in the taxing of state and federal pensions are no more. The complainants now may achieve equality of treatment by a remarkably simple remedy. They only need submit tax returns that conform to the new statute.

(b) Because the enactment of HB No. 1 EX leaves nothing for the judicial system to decide in this case, the injunction must be dissolved.

*Judgment vacated. All the Justices concur.*

DECIDED OCTOBER 25, 1989 —
RECONSIDERATION DENIED NOVEMBER 22, 1989.

*Michael J. Bowers, Attorney General, Warren R. Calvert, Assistant Attorney General,* for appellant.

*Bell & Bell, John C. Bell, Jr., James F. Findlay, David E. Hudson, Thomas W. Tucker,* for appellees.