S92A0621, S92A0622. REICH v. COLLINS et al. (two cases).
(422 SE2d 846)

CLARKE, Chief Justice.

We granted the appellant's application to appeal, OCGA § 5-6-35 (a), to consider the issue of his entitlement to a refund of state income taxes paid on his federal military retirement benefits in view of the United States Supreme Court's decision in *Davis v. Michigan,* 489 U. S. 803 (109 SC 1500, 103 LE2d 891) (1989).

Former OCGA § 48-7-27 created an income tax exemption for retirement benefits paid by the State of Georgia to retired state employees. No such exemption existed for retirement benefits paid by the federal government to retired federal employees residing in Georgia. In *Davis v. Michigan,* supra, the United States Supreme Court held that Michigan's taxing scheme, which exempted from state income taxation all state retirement benefits, but taxed all federal retirement benefits, violated the constitutional principles of intergovernmental tax immunity, as well as 4 USC § 111.[1] Because the State of Michigan conceded that a refund would be due the taxpayer if the Court found its taxing scheme to be unconstitutional, it was not necessary for the Court to determine the merits of the taxpayer's claim for a refund. The case was remanded to the Michigan courts to comply with the Court's "mandate of equal treatment," *Davis,* 489 U. S. at 818, in determining whether the taxpayer was entitled to prospective relief from discriminatory taxation.

Following the decision in *Davis v. Michigan,* the Georgia legislature, in special session, repealed that portion of OCGA § 48-7-27 which granted retired state employees an exemption from income taxation on their retirement benefits. Shortly thereafter, appellant, a retired colonel in the United States Army, filed a claim with the appel-

---

[1] This Code section permits the states to tax "pay or compensation for personal services as [a federal] officer or employee . . . if the taxation does not discriminate against the employee because of the source of the pay or compensation."

lee Department of Revenue for a refund of income taxes he had paid to the State of Georgia on his military retirement benefits. The Department denied his claim, and appellant brought this action pursuant to OCGA § 48-2-35.

The case came before the trial court on cross-motions for summary judgment. The trial court concluded that former OCGA § 48-7-27 violated the principles of *Davis v. Michigan*, supra, and partially granted the appellant's motion for summary judgment on this issue. However, after analyzing the case under *Chevron Oil v. Huson*, 404 U. S. 97 (92 SC 349, 30 LE2d 296) (1971), the trial court held that *Davis v. Michigan* should not be applied retrospectively. The trial court therefore concluded that the appellant was not entitled to a refund, and granted the appellee's motion for summary judgment in this regard.

The appellant concedes that if this court determines that he is entitled to a refund, he will be eligible only for the taxable years 1985 through 1988.

1. We agree with the trial court that the principles of *Davis v. Michigan* apply to this case.[2] However, we have determined that, with regard to the issue of retroactive application, the case must be analyzed under *James B. Beam Distilling Co. v. Georgia*, 501 U. S. __ (111 SC 2439, 115 LE2d 481) (1991), rather than the test set out in *Chevron Oil*, supra.

In *Bacchus Imports, Ltd. v. Dias*, 468 U. S. 263 (104 SC 3049, 82 LE2d 200) (1984), the U. S. Supreme Court held that Hawaii's taxing scheme, which distinguished between imported and locally distilled alcohol products, violated the Commerce Clause. Following this decision, James B. Beam Distilling Company filed a suit for refund of taxes it had paid to the State of Georgia, claiming entitlement to the refund under *Bacchus*. In *James B. Beam Distilling Co. v. State of Ga.*, 259 Ga. 363 (382 SE2d 95) (1989), this court recognized that Georgia's taxing scheme, which imposed a higher tax on alcoholic beverages imported into the state than on alcohol produced in this state, violated the principles of *Bacchus*, supra. However, analyzing the case under *Chevron Oil*, supra, we held that the trial court did not err in applying the *Bacchus* decision prospectively only. The U. S. Supreme Court granted certiorari to our decision in *Beam* and reversed, holding that *Bacchus* should have been applied retroactively to our decision in *Beam*.

The U. S. Supreme Court held that where, in a civil case such as *Bacchus*, it does not reserve the question of whether the holding should be applied retroactively, the decision "is properly understood

---

[2] We note that the State did not appeal this ruling by the trial court.

to have followed the normal rule of retroactive application in a civil case," 115 LE2d at 490, and thus the decision is to be applied not only to the parties before it, but "to all others by and against whom claims may be pressed, consistent with res judicata and procedural barriers such as statutes of limitation." Id. at 488. The Court held that it is error for a lower court to refuse to apply a rule of federal law retroactively after the case announcing it has already done so. Id. at 491. The Court went on to distinguish between the issue of retroactivity where a federal law or constitutional question is raised, and the issue of remedies, "i.e., whether the party prevailing under a new rule should obtain the same relief that would have been awarded if the rule had been an old one." Id. at 487. In the normal circumstance, the issue of retrospectivity, or choice of law, is a federal question, while the remedial inquiry is left to the states. Id. at 488. The Court stated, as a general guideline, that when it remands a case to a lower court for consideration of any remedial issues, this "necessarily implies" that the choice of law, or retroactivity, question has been decided, and that the Court will apply its decision not only to the parties before it, but retrospectively to all others not procedurally barred. Id. at 490-491.[3]

The State's argument in the case before us is that because it cannot be determined from the Court's opinion in *Davis v. Michigan* that the case was remanded for consideration of remedial issues since Michigan had conceded that a refund was due the taxpayer, it cannot be concluded that the Supreme Court intended retroactive application of the *Davis* decision. We do not agree.

As we read *Davis v. Michigan*, the Court applied its decision to the taxpayer before it. The State of Michigan conceded that if the Court found its taxing scheme to be unconstitutional, then, under state law, the taxpayer would be entitled to a refund. Once the Supreme Court determined that Michigan's taxing scheme was unconstitutional and applied that principle to the taxpayer, Michigan conceded that the taxpayer was entitled to a refund. It does not follow that if the Supreme Court had determined that its decision in *Davis* was to be prospective only,[4] and thus not applicable to the litigants

---

[3] The Court held in *Beam* that principles of "equality and stare decisis" prevail over the *Chevron Oil* analysis, *Beam*, 115 LE2d at 491, and that the need to ensure that the substantive law "will not shift and spring," Id. at 493, limits the "possible applications of *Chevron Oil*." Id.

[4] See *Beam*, 115 LE2d at 488 for a discussion of prospective application of court decisions. Under the Court's analysis, the prospective method of overruling cases does not apply the new rule to the parties in the case, but only uses the case as a vehicle for announcing a new rule of law. The principle of selective prospectivity, in which the new rule is applied to the litigants before the court, has been abandoned in the criminal context, see *Griffith v. Kentucky*, 479 U. S. 314 (107 SC 708, 93 LE2d 649) (1987), and "appears never to have been endorsed [by the Court] in the civil context." *Beam*, 115 LE2d at 490.

before it, that the State of Michigan would have conceded the taxpayer was due a refund.

Further, the issue of whether *Davis v. Michigan* is to be applied retroactively is foreclosed by the Supreme Court's decision in *Barker v. Kansas*, ___ U. S. ___ (112 SC 1619, 118 LE2d 243) (1992). In that case military retirees challenged the Kansas income taxation scheme which permitted taxation of federal retirement benefits while exempting from taxation state retirement benefits. The U. S. Supreme Court held that this case was controlled by *Davis v. Michigan*. The Court reversed and remanded to the lower court for a determination of the remaining issues, including the taxpayers' entitlement to refunds of taxes previously paid. As such, it is clear that the Court applied the decision of *Davis v. Michigan* retroactively to the litigants in *Barker*, just as the Court applied the *Bacchus* decision retroactively to the litigants in *James Beam*.[5]

We thus conclude that the trial court correctly held that OCGA § 47-7-27 violated the principles of *Davis v. Michigan*, but erred in holding that this case does not apply retroactively.

2. The issue of what remedy is to be afforded the appellant remains. This is a question of state law. *Beam*, supra, 115 LE2d at 488. As the Supreme Court stated in *Beam*, nothing deprives the State of its "opportunity to raise procedural bars to recovery under state law or demonstrate reliance interests entitled to consideration in determining the nature of the remedy that must be provided. . . ." *Beam*, 115 LE2d at 494.

OCGA § 48-2-35 (a) provides, in part, that

[a] taxpayer shall be refunded any and all taxes or fees which are determined to have been erroneously or illegally assessed and collected from him *under the laws of this state*, whether paid voluntarily or involuntarily. . . . [Emphasis supplied.]

We hold that this statute contemplates the situation where a taxing authority erroneously or illegally assesses and collects a tax under a valid law. It does not address the situation where the law under which the taxes are assessed and collected is itself subsequently declared to

---

[5] We further note that the Virginia Supreme Court analyzed an identical tax issue under the principles of *Chevron Oil*, and determined that *Davis v. Michigan* is not to be applied retroactively. *Harper v. Virginia Dept. of Taxation*, 401 SE2d 868 (Va. 1991). The U. S. Supreme Court granted certiorari as to this decision, vacated the judgment of the Virginia Supreme Court, and remanded for consideration in light of its decision in *James Beam*. 59 USLW 3863 (July 2, 1991). On remand the Virginia Supreme Court concluded that *James Beam* does not require retroactive application of *Davis v. Michigan*, 410 SE2d 629 (1991). On May 18, 1992, the U. S. Supreme Court granted certiorari to that decision. 60 USLW 3779.

be unconstitutional or otherwise invalid. This distinction is significant in that the State must be able to rely on the laws under which it assesses taxes in order to promote stable and efficient government. Furthermore, this protects the State against those instances in which a vendor/taxpayer has recouped its tax expense by passing it on to the consumer. See, e.g., *Atlanta Americana Motor Hotel Corp. v. Undercofler*, 222 Ga. 295 (1) (149 SE2d 691) (1966); *Blackmon v. Premium Oil Stations*, 129 Ga. App. 169 (198 SE2d 900) (1973); *Blackmon v. Ga. Independant Oilmen's Assn.*, 129 Ga. App. 171 (198 SE2d 896) (1973). Were we to interpret the statute differently, the vendor/taxpayer would realize a windfall or double recovery not intended by the legislature.

Thus we conclude that the taxpayer is not entitled to a refund under the provisions of OCGA § 48-2-35 (a).

We take this opportunity to hold that in cases in which a taxing statute is declared unconstitutional or otherwise void, a taxpayer must have made a demand for refund at the time the tax is paid or at the time his tax return is filed, whichever occurs last. Failure to do so bars any future claim.

*Judgment affirmed in part and reversed in part. Hunt, Benham and Fletcher, JJ., concur; Sears-Collins, J., concurs in the judgment only. Bell, P. J., disqualified.*

DECIDED NOVEMBER 19, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992.

*McAlpin & Henson, Carlton M. Henson,* for appellant.
*Michael J. Bowers, Attorney General, Warren R. Calvert, Senior Assistant Attorney General,* for appellees.