S93A1217, S93A1218. JAMES B. BEAM DISTILLING COMPANY
v. STATE OF GEORGIA et al. (two cases).
(437 SE2d 782)

BENHAM, Justice.

Appellant James B. Beam Distilling Company (Beam) brought this action seeking a refund for taxes paid pursuant to OCGA § 3-4-

$60^1$ in 1982-1984. See OCGA § 48-2-35. The trial court's decision that OCGA § 3-4-60 violated the Commerce Clause of the United States Constitution was affirmed by this court, as was the trial court's determination that the ruling was to be applied prospectively only. *James B. Beam Distilling Co. v. State of Ga.*, 259 Ga. 363 (382 SE2d 95) (1989) (*"Beam I"*). After granting Beam's application for certiorari, the Supreme Court of the United States ruled that its decision in *Bacchus Imports v. Dias*, 468 U. S. 263 (104 SC 3049, 82 LE2d 200) (1984), was applicable retroactively to Beam's claims that arose on facts antedating the *Bacchus* decision, and remanded the case for determination of remedial issues. *James B. Beam Distilling Co. v. Georgia*, 501 U. S. _____ (111 SC 2439, 115 LE2d 481) (1991). We, in turn, remanded the case to the trial court which granted summary judgment to appellee after concluding, based on three independent grounds, that appellant was not entitled to a refund of the 1982-1984 taxes. The appeal in S93A1217 is from the trial court's denial of summary judgment to Beam and the grant of summary judgment to the State on Beam's original complaint. The appeal in S93A1218 is from the trial court's denial of summary judgment to Beam on the allegations raised in the first and second amendments to its complaint, and the grant of summary judgment to the State on the amendments.

1. After our remand to the trial court, appellant amended its complaint to seek a judicial determination that OCGA § 48-2-35 (the refund statute) was applicable to appellant and that the 1992 amendment to OCGA § 3-2-14 (a) was unconstitutional as applied to Beam; and to assert a claim under 42 USC § 1983 and a concomitant claim for attorney fees under 42 USC § 1988. The State amended its answer to assert several additional defenses, including the assertion that appellant did not have standing to seek a refund under OCGA § 48-2-35.[2] We entertain the State's standing argument because the consideration of a remedy "may well be . . . obviated by issues of state law." *Bacchus Imports v. Dias*, 468 U. S. 263, supra at 277.[3]

2. "[A] particular remedy is not available to a party who has no entitlement to the right sought to be secured." *Ragsdale v. New Eng-*

---

[1] The statute was amended in 1985 after the United States Supreme Court found a similar statute from Hawaii to be an unconstitutional violation of the Commerce Clause (*Bacchus Imports v. Dias*, 468 U. S. 263 (104 SC 3049, 82 LE2d 200) (1984)), and the amended statute has withstood constitutional challenge. See *Heublein, Inc. v. State of Ga.*, 256 Ga. 578 (351 SE2d 190) (1987).

[2] The U. S. Supreme Court invited the State to invoke, on remand, independent procedural bases for its refusal to provide a refund. See *James B. Beam Distilling Co. v. Georgia*, supra, 111 SC 2439, 2448.

[3] For purposes of this appeal, we assume that OCGA § 48-2-35 may be an appropriate means by which one may seek a refund of taxes paid pursuant to a statute subsequently declared unconstitutional. See *State of Ga. v. Private Truck Council &c.*, 258 Ga. 531 (371 SE2d 378) (1988). But see *Reich v. Collins*, 262 Ga. 625 (422 SE2d 846) (1992).

*land Land &c. Corp.,* 250 Ga. 233 (1) (297 SE2d 31) (1982). In cases involving the Georgia sales and use tax (OCGA § 48-8-30 et seq.), the appellate courts of this State have repeatedly held that the payer of taxes to the State, while technically a "taxpayer" under § 48-2-35, does not have standing to file a claim for refund of taxes illegally collected or erroneously paid if the party remitting the taxes passed the tax on to its customers. *Eimco BSP Svcs. Co. v. Chilivis,* 241 Ga. 263 (244 SE2d 829) (1978); *Atlanta Americana Motor Hotel Corp. v. Undercofler,* 222 Ga. 295 (1) (149 SE2d 691) (1966); *Blackmon v. Ga. Ind. Oilmen's Assn.,* 129 Ga. App. 171 (3) (198 SE2d 896) (1973); *Blackmon v. Premium Oil Stations,* 129 Ga. App. 169 (2) (198 SE2d 900) (1973). If the remitting party did not bear the burden of the tax, it is not entitled to bring a suit to recover a refund of any overpayment.

In the case at bar, the applicable version of OCGA § 3-4-60 (1) levied and imposed an excise tax on alcohol and distilled spirits imported into Georgia. By requiring the stamps denoting payment of the tax to be affixed by the manufacturer or the wholesaler to each bottle or container of distilled spirits before shipment to any retailer (OCGA § 3-4-61 (2) (1982)), the General Assembly expressed its intent that the excise tax be paid before the product was made available for purchase by the consuming public.[4] Where a wholesaler is a link in the chain of delivery of the product to the retailer, it is essential that the excise tax be paid by the time the product leaves the wholesaler.[5] Where, as here, the manufacturer remits tax payment to the revenue commissioner and subsequently, in an itemized billing statement, requires the wholesaler to remit payment for "state stamps" or "state tax," it is the wholesaler which is the taxpayer for purposes of OCGA § 48-2-35.[6] Due to its lack of standing, appellant is procedurally barred from pursuing an action for refund under OCGA § 48-2-35.

3. Even assuming that appellant was not procedurally barred from seeking a refund under OCGA § 48-2-35, federal due process, as interpreted by the Supreme Court in *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco,* 496 U. S. 18 (110 SC 2238, 110 LE2d 17)

---

[4] Stamps denoting the payment of the excise tax were required to be affixed to each bottle or container of distilled spirits. OCGA § 3-4-61 (1982). Effective February 1, 1993, the revenue commissioner is required to adopt rules and regulations eliminating the use of a stamp in the payment of the excise tax on distilled spirits and alcohol. See OCGA § 3-4-61 (1992).

[5] In 1992, the legislature amended OCGA § 3-4-61 to state explicitly that the excise tax was to be paid by the wholesale dealer. OCGA § 3-4-61 (a) (1992).

[6] Credits or refunds issued in the discretion of the revenue commissioner under OCGA § 3-2-13 to a manufacturer are statutorily required to be refunded or credited to the wholesaler, the party who actually paid the tax.

(1990), and elaborated upon in *Harper v. Va. Dept. of Taxation*, 509 U. S. \_\_\_\_ (113 SC 2510, 125 LE2d 74) (1993), does not require that the State of Georgia refund to appellant the discriminatory portion of the excise taxes appellant remitted in 1982-1984 pursuant to OCGA § 3-4-60.[7]

A governmental requirement that one pay a tax deprives the payor of property, and such a deprivation mandates compliance with the Due Process Clause of the Constitution of the United States. Due process requires a government to have procedural means by which the taxpayer may safeguard against unlawful exactions. *McKesson Corp.*, 110 SC 2238, supra at 2250. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' [Cits.]" *Mathews v. Eldridge*, 424 U. S. 319, 333 (96 SC 893, 47 LE2d 18) (1976). While due process generally requires that the hearing be held prior to the deprivation, the Court, recognizing that the exaction of taxes is the lifeblood of a governmental entity, has permitted governments to exact taxes and require the taxpayer to voice objections to the tax thereafter. Should the governmental entity so procedurally limit itself, it must provide "meaningful, backward-looking relief to rectify any unconstitutional deprivation." *McKesson Corp.*, supra at 2247. However, should the government provide a procedure through which the taxpayer may challenge the validity of the taking *prior to* the deprivation, the Due Process Clause is satisfied. Id. at 2251, n. 21. Thus, before attempting to fashion a post-deprivation, meaningful, backward-looking remedy,[8] we must determine the state law question of whether Georgia law "provides an adequate form of predeprivation process. . . ." *Harper v. Va. Dept. of Taxation*, 113 SC 2510, supra at 2520.

4. In its discussions on the topic, the U. S. Supreme Court illustrates "predeprivation process" as that which authorizes taxpayers to bring suit to enjoin imposition of a tax prior to its payment, or that which permits taxpayers to withhold contested tax assessments and challenge their validity in a predeprivation hearing. *McKesson Corp.*, supra at 2250, 2251, n. 21. In Georgia, a taxpayer who fails to pay

---

[7] Appellant contends that our statement in *Beam I*, 259 Ga. 363 at 365, that the State would have to refund monies should the *Bacchus* decision be applied retroactively is a conclusive admission that refunds are due now that the U. S. Supreme Court has decided the retroactivity issue adversely to the State. *Beam*, 501 U. S. In so relying on the statement, appellant has taken it out of its context, a discussion of the equities of retroactivity under the analysis set forth in *Chevron Oil Co. v. Huson*, 404 U. S. 97 (92 SC 349, 30 LE2d 296) (1971).

[8] The U. S. Supreme Court has consistently left it to the States to craft an appropriate post-deprivation remedy. See, e.g., *Harper v. Va. Dept. of Taxation*, supra; *James B. Beam Distilling Co. v. Georgia*, supra; *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, supra; *Davis v. Michigan*, 489 U. S. 803 (109 SC 1500, 103 LE2d 891) (1989); and *Bacchus Imports v. Dias*, supra.

taxes due is subject to being named a defendant in an action brought by the revenue commissioner to collect the amount due. OCGA § 48-2-54. In such an action, the taxpayer would have the opportunity to challenge the validity of the imposition of the contested taxation prior to paying the tax. That the Commissioner is statutorily authorized to seek penalties is not a financial sanction tantamount to an attempt to secure payment of taxes under duress (see *McKesson Corp.*, supra at 2251, n. 21, and *Harper*, supra at 2519, n. 10) since the penalties are subject to waiver by the revenue commissioner upon a determination that the taxpayer's default was the result of reasonable cause and was not due to gross or wilful neglect or disregard of the law or regulations. OCGA § 3-2-12.

5. In addition, Georgia statutes make declaratory judgment relief available prior to payment of disputed taxes "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations . . ." (OCGA § 9-4-1), and such relief is available even if the party has other adequate legal or equitable remedies. OCGA § 9-4-2 (c).

> [T]he Declaratory Judgment Act . . . is an alternative or additional remedy to facilitate the administration of justice more readily . . . [and is] intended . . . to give additional protection to persons who may become involved in an actual justiciable controversy. . . . [*Shippen v. Folsom*, 200 Ga. 58, 68 (35 SE2d 915) (1945).]

Another intended purpose of declaratory judgment is "to afford a speedy and inexpensive method of adjudicating legal disputes." *Clein v. Kaplan*, 201 Ga. 396, 404 (40 SE2d 133) (1946). In furtherance of this goal, the Declaratory Judgment Act empowers the superior court in which a petition for declaratory judgment is filed to grant injunctive or other interlocutory extraordinary relief in connection with the petition. OCGA § 9-4-3 (b); see also OCGA § 9-11-65 (b). Thus, a petition may be filed seeking a judgment declaring a statute or ordinance unconstitutional and praying for an injunction against the enforcement of the questioned law. See, e.g., *Gravely v. Bacon*, 263 Ga. 203 (429 SE2d 663) (1993); *State of Ga. v. Private Truck Council &c.*, 258 Ga. 531 (371 SE2d 378) (1988); *City of Atlanta v. Spence*, 242 Ga. 194 (249 SE2d 554) (1978); *State of Ga. v. Golia*, 235 Ga. 791 (222 SE2d 27) (1976).[9] Should the party seeking relief be threatened with

---

[9] In point of fact, in 1985, several of appellant's attorneys, then representing an importer of alcoholic beverages, filed an action against Georgia's taxing authorities in which they sought a declaratory judgment that a taxing statute was unconstitutional and an injunction against its enforcement. See *Hublein, Inc. v. State of Ga.*, 256 Ga. 578 (351 SE2d 190) (1987).

immediate and irreparable injury, loss, or damage, the party may apply immediately for a temporary restraining order. OCGA § 9-11-65 (b). When tax statutes have been the subject of a declaratory judgment action, the trial court has exercised its discretion to establish escrow funds for payment of the disputed taxes should the taxpayer choose to tender payment. See *Collins v. Waldron*, 259 Ga. 582 (385 SE2d 74) (1989); *State of Ga. v. Private Truck Council*, supra at Div. 4. In sum, a taxpayer who wishes to challenge the validity of a statute that imposes a duty upon him to pay a tax may do so prior to paying the disputed tax, and has recourse to judicial remedies to enjoin collection of the contested tax pending final determination of his judicial challenge to the statute.

6. Finally, within the Georgia Alcoholic Beverage Code (OCGA § 3-1-1 et seq.) there is in place the means by which appellant, as a licensed wholesale dealer (see OCGA § 3-1-2 (23)), could receive administrative review, complete with notice and a hearing, of the commissioner's determination that appellant had not remitted the "proper amount of taxes." OCGA § 3-2-11 (2). Under this scheme, appellant could remit the non-discriminatory portion of its tax assessment and attack the taxing statute in the administrative hearing held to determine the amount due. The notice and hearing provisions of the Georgia Administrative Procedure Act (OCGA § 50-13-12) are incorporated into the procedure for assessment of taxes due in OCGA § 3-2-11 (2). Furthermore, within the APA there is a section exclusively devoted to the hearing procedure required of the Department of Revenue within 30 days of receipt of a demand therefor by "any taxpayer aggrieved by any act of the department in a matter involving his liability for taxes. . . ." OCGA § 50-13-12. OCGA § 50-13-12 (d) recognizes that judicial remedies may also be available to the aggrieved taxpayer, and requires the taxpayer to elect between pursuing judicial remedies or the remedy available for a "contested case" within the APA.

7. The above survey of certain provisions of Georgia law in place and available to appellant prior to its payment of taxes in 1982-1985 establishes that appellant had available to it several means by which it could attack the validity of former OCGA § 3-4-60 prior to remitting taxes due thereunder. Instead, appellant chose to pay the taxes charged without questioning the legal basis therefor. Having failed to avail itself of any one of the variety of predeprivation remedies available to it, appellant cannot now complain. See *United States v. Tax Comm. of Mississippi*, 412 U. S. 363, 368, n. 11 (93 SC 2183, 37 LE2d 1) (1973); *McKesson Corp.*, supra at 2251, n. 21.

We conclude that appellant was procedurally barred from pursuing a refund action for the taxes remitted in 1982-1985 pursuant to former OCGA § 3-4-60 and that, even if appellant were entitled to

pursue a refund action, its failure to avail itself of the predeprivation remedies available to it prior to payment of the disputed taxes results in denial of recovery of taxes so paid.

8. In light of our decision on the issues raised in S93A1217, we need not address the enumerations of error asserted in S93A1218.

*Judgment affirmed. All the Justices concur, except Sears-Collins and Carley, JJ., who concur in Divisions 1 and 2 and the judgment.*

CARLEY, Justice, concurring.

Divisions 1 and 2 of the majority opinion hold that appellant has no standing to seek a refund of taxes that it previously paid the State pursuant to former OCGA § 3-4-60. I concur fully in those divisions and in the judgment of affirmance based upon the procedural bar of appellant's lack of standing. Since appellant has no standing to seek a refund, I would not reach the merits of appellant's entitlement to recover a refund which the majority addresses in Divs. 3, 4, 5, 6 and 7 of its opinion. I would note, however, that, for the reasons set forth in my dissent in *Reich v. Collins*, 263 Ga. 602 (437 SE2d 320) (1993), I believe that the majority erroneously holds in those divisions that appellant would be barred from recovering a refund for its failure to have pursued the predeprivation remedies that are available to a Georgia taxpayer.

I am authorized to state that Justice Sears-Collins joins in this opinion.

DECIDED DECEMBER 2, 1993.

*Vincent, Chorey, Taylor & Feil, John L. Taylor, Jr., Celeste McCollough, Siegel, Moses, Schoenstadt & Webster, Morton Siegel, Richard Schoenstadt,* for appellant.

*Michael J. Bowers, Attorney General, David A. Runnion, Daniel M. Formby, Senior Assistant Attorneys General,* for appellees.