S92A0621, S92A0622. REICH v. COLLINS et al. (two cases).
(437 SE2d 320)

CLARKE, Chief Justice.

In *Reich v. Collins*, 262 Ga. 625 (422 SE2d 846) (1992) (*Reich v. Collins I*), we were faced with the issue of whether appellant Reich was entitled to a refund of state income taxes paid on his federal military retirement benefits in view of the decision of the United States Supreme Court in *Davis v. Michigan*, 489 U. S. 803 (109 SC 1500, 103 LE2d 891) (1989). The latter case held that a state taxing scheme which exempts state retirement benefits from state income taxation but does not so exempt federal retirement benefits violates the United States Constitution.[1] The initial issue to be determined in *Reich v. Collins I* was whether *Davis v. Michigan* should be applied retrospectively to Reich's claim. We held that, under recent decisions of the United States Supreme Court, retrospective application was required, but ultimately concluded that state law barred Reich's claim to a refund under OCGA § 48-2-35 (a).

The U. S. Supreme Court subsequently granted Reich's petition for certiorari. That Court vacated the judgment in *Reich v. Collins I*, and remanded the case to us "for further consideration in light of

---

[1] Former OCGA § 48-7-27 created a state income taxing scheme, a portion of which was unconstitutional under the authority of *Davis v. Michigan*. After the U. S. Supreme Court decided *Davis*, the Georgia Legislature repealed the unconstitutional provisions of the Code section.

*Harper v. Virginia Department of Taxation,"* 509 U. S. ____ (113 SC 2510, 125 LE2d 74) (1993).

In *Harper*, the United States Supreme Court reversed a decision of the Virginia Supreme Court which held that the appellants in that case were not entitled to refunds of state income taxes because *Davis v. Michigan* should be applied prospectively only. The U. S. Supreme Court initially determined that *Davis v. Michigan* applies retrospectively. It then remanded *Harper* to the Virginia Supreme Court to follow the constitutional mandate of providing relief "consistent with federal due process principles." *Harper*, 113 SC at 2519.

Due process requires that a state provide procedural safeguards against the unlawful exactions of taxes, *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U. S. 18 (110 SC 2238, 2250, 110 LE2d 17) (1990), but the state retains some flexibility in the type safeguards it must provide. *Harper*, supra, 113 SC at 2519; *James B. Beam Distilling Co. v. State of Ga.* 263 Ga. 609 (437 SE2d 782) (1993). In remanding *Harper*, the United States Supreme Court held that

> If Virginia "offers a meaningful opportunity for taxpayers to withhold contested tax assessments and to challenge their validity in a predeprivation hearing," the "availability of a predeprivation hearing constitutes a procedural safeguard . . . sufficient by itself to satisfy the Due Process Clause." [Citing *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U. S. 18, 38, n. 21.] . . . On the other hand, if no such predeprivation remedy exists, "the Due Process Clause of the Fourteenth Amendment obligates the State to provide meaningful backward-looking relief to rectify any unconstitutional deprivation." 113 SC at 2519.[2]

In the first division of *Reich v. Collins I*, we held, consistent with *Harper v. Virginia*, that *Davis v. Michigan* must be applied retrospectively. Because the U. S. Supreme Court has vacated our judgment in that case, we expressly incorporate Div. 1 of *Reich v. Collins I* into this opinion. We therefore conclude that our duty on remand is to determine whether Georgia law provided a predeprivation remedy to Reich sufficient to satisfy the requirements of federal due process as set out in *Harper* and *McKesson*, supra. While the selection of a remedy to be afforded is an issue of state law, *James B. Beam Distilling Co. v. Ga.*, 501 U. S. ____ (111 SC 2439, 115 LE2d 481, 488)

---

[2] In *McKesson* the Court suggested that "meaningful, backward-looking relief" could include a refund, id. at 2251, or the assessment and collection of back taxes from those who received favored treatment in violation of the Constitution. Id. at 2252.

(1991), this remedy must satisfy "minimum federal requirements." *Harper*, supra, 113 SC at 2520.

We have recently held in *James B. Beam Distilling Co. v. State of Ga.*, supra, that the declaratory judgment remedies under OCGA § 9-4-1 et seq., as well as statutory injunctive relief remedies available provide meaningful opportunities to taxpayers to litigate the validity of taxes alleged owing prior to the time when the taxes fall due.[3] As such, these remedies are of themselves sufficient to satisfy federal due process requirements.[4]

Additionally, there are predeprivation remedies under the Georgia Administrative Procedure Act of which a taxpayer may avail himself when making a constitutional challenge to a state tax. Under OCGA § 50-13-12, a taxpayer who is aggrieved by "any act" of the Department of Revenue "in a matter involving . . . liability for taxes," is entitled to a hearing before the Department. OCGA §§ 50-13-19 and 50-13-20 provide for judicial review to a taxpayer dissatisfied with a decision by the Department of Revenue in a case brought under OCGA § 50-13-12.

Further, pursuant to OCGA § 48-2-59, a taxpayer may appeal an assessment by the Department of Revenue directly to the superior court, without the necessity of an administrative hearing.

We conclude that there are ample predeprivation remedies under Georgia law available to a taxpayer who seeks to challenge an allegedly unconstitutional tax. These remedies satisfy the requirements of federal due process as set forth in *McKesson* and *Harper*, supra. Consequently, Reich's due process rights have not been violated by the Department's failure to refund to him that portion of income taxes paid in violation of *Davis v. Michigan.*

*Judgment affirmed in part and reversed in part. All the Justices concur, except Sears-Collins and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

Former OCGA § 48-7-27 provided that state retirement benefits were exempt from income taxation by the State, but that federal retirement benefits were not. However, the unconstitutionality of this former provision was established by the holding in *Davis v. Michigan*, 489 U. S. 803 (109 SC 1500, 103 LE2d 891) (1989). The mandate of *Davis* is to be applied retroactively, rather than prospectively. *Harper v. Va. Dept. of Taxation*, 509 U. S. \_\_\_ (113 SC 2510, 125 LE2d 74)

---

[3] In *McKesson*, supra, 110 SC at 2250, the Court held that "[t]he State may choose to provide a form of 'predeprivation process,' for example by authorizing taxpayers to bring suit to enjoin imposition of a tax prior to its payment . . ."

[4] Reich maintains that these are not viable remedies because his lawsuit seeking a declaratory judgment that the tax at issue in this case was unconstitutional was dismissed by the superior court. However, Reich did not appeal that decision.

(1993). Appellant is a Georgia taxpayer who seeks a refund of income taxes that he previously paid to the State pursuant to the unconstitutional provisions of former OCGA § 48-7-27. There is no question of appellant's standing to seek such a refund. Compare *James B. Beam Distilling Co. v. State of Ga.*, 263 Ga. 609 (437 SE2d 782) (1993). However, the majority nevertheless holds that appellant is not entitled to seek a refund because federal due process has otherwise been satisfied. In my opinion, appellant is entitled to the refund that he seeks and I must, therefore, dissent.

Where, as here, a taxpayer seeks a refund of state taxes that he has paid pursuant to a statute which is in contravention of the federal constitution, "[s]tate law may provide relief beyond the demands of federal due process, [cit.], but under no circumstances may it confine [the taxpayer] to a lesser remedy, [cit.]." *Harper v. Va. Dept. of Taxation*, supra at 2520 (III). The minimum parameters of federal due process are clear. If a State has offered

> "a meaningful opportunity for taxpayers to withhold contested tax assessments and to challenge their validity in a predeprivation hearing," the "availability of a predeprivation hearing constitutes a procedural safeguard . . . sufficient by itself to satisfy the Due Process Clause." [Cit.] On the other hand, if no such predeprivation remedy exists, "the Due Process Clause of the Fourteenth Amendment obligates the State to provide meaningful backward-looking relief to rectify any unconstitutional deprivation." [Cit.] In providing such relief, a State may either award full refunds to those burdened by the unlawful tax or issue some other order that "create[s] in hindsight a nondiscriminatory scheme." [Cit.]

*Harper v. Va. Dept. of Taxation*, supra at 2519-2520 (III). In responding to the unconstitutionality of former OCGA § 48-7-27, Georgia did not create "in hindsight a nondiscriminatory scheme" by assessing and collecting back income taxes from those taxpayers whose state retirement benefits had previously been exempted from taxation. See *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U. S. 18, 40 (III) (B) (110 SC 2238, 110 LE2d 17) (1990). Georgia merely repealed the unconstitutional provisions of that former statute. Accordingly, appellant is constitutionally entitled to a refund unless he had available to him at the time that he paid the taxes a meaningful opportunity to withhold their payment and to challenge their validity in a predeprivation hearing.

> [I]f a State chooses not to secure payments under duress and instead offers a meaningful opportunity for taxpayers to

withhold contested tax assessments and to challenge their validity in a predeprivation hearing, payments tendered may be deemed "voluntary." . . . "[W]here voluntary payment (of a tax) is knowingly made pursuant to an illegal demand, recovery of that payment may be denied."

*McKesson v. Div. of Alcoholic Beverages & Tobacco*, supra at 38 (III) (B), fn. 21. The issue for resolution is, therefore, whether appellant paid the unconstitutional taxes "voluntarily" or under "duress."

In my opinion, nothing under the specific provisions of the state tax code can be said to have provided appellant with the opportunity for a constitutionally meaningful predeprivation challenge to his payment of taxes pursuant to the unconstitutional provisions of former OCGA § 48-7-27. The majority cites OCGA § 48-2-59 as affording appellant such an opportunity. Subsection (a) of that statute does provide generally for an "appeal from any order, ruling, or finding of the commissioner to the superior court. . . ." However, subsection (c) further provides that, in order to secure review by the superior court, the taxpayer must file a surety bond or other security "conditioned to pay any tax over and above that for which the taxpayer has admitted liability and which is found to be due by a final judgment of the court, together with interest and costs." By conditioning the taxpayer's right to appeal upon the posting of "a surety bond or other security," OCGA § 48-2-59 does not, in my opinion, satisfy " ' "the root requirement" of the Due Process Clause . . . "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest," ' [cit.]. . . ." (Emphasis in original.) *McKesson v. Div. of Alcoholic Beverages & Tobacco*, supra at 37 (III) (B). To the contrary, that statute is merely one of the "various sanctions and summary remedies [contained in the tax code which are] designed so that [taxpayers] tender tax payments *before* their obligations are entertained and resolved." (Emphasis in original.) *McKesson v. Div. of Alcoholic Beverages & Tobacco*, supra at 38 (III) (B).

Thus, I cannot agree with the majority that OCGA § 48-2-59 satisfies minimum federal due process requirements such that appellant's failure to have resorted thereto renders his payment of the unconstitutional state income taxes "voluntary" and non-refundable.

A State that "establish[es] various sanctions and summary remedies designed" to prompt taxpayers to "tender . . . payments *before* their objections are entertained or resolved" does not provide taxpayers "a meaningful opportunity to withhold payment and to obtain a predeprivation determination of the tax assessment's validity." [Cit.] Such limitations impose constitutionally significant " 'duress' " because a

tax payment rendered under these circumstances must be treated as an effort "to avoid financial sanctions or a seizure of real or personal property." [Cit.] The State accordingly may not confine a taxpayer under duress to prospective relief.

(Emphasis in original.) *Harper v. Va. Dept. of Taxation*, supra at 2519-2520 (III), fn. 10.

The majority also finds that the Administrative Procedure Act (APA) afforded appellant a constitutionally meaningful predeprivation remedy for contesting his payment of the unconstitutional taxes. Subsection (a) of OCGA § 50-13-12 does provide that the "Department of Revenue shall hold a hearing upon written demand therefor by any taxpayer aggrieved by any act of the department in a matter involving his liability for taxes. . . ." However, appellant was not "aggrieved by any act of the department," but by an allegedly unconstitutional act of the legislature. Even assuming that the department would have had initial jurisdiction under the APA to entertain a challenge to the constitutionality of former OCGA § 48-7-27, such a challenge would be "futile at the time of its making." *Flint River Mills v. Henry*, 234 Ga. 385, 386 (216 SE2d 895) (1975). Thus, to secure a ruling on the constitutionality of former OCGA § 48-7-27 pursuant to the APA, appellant would presumably have been required to undergo an entirely "futile" hearing before the department and then incur the additional expenditure of time and money pursuing an appeal to the superior court. The availability of such an attenuated process cannot, in my opinion, be deemed to have provided appellant "with all of the [predeprivation] process [he] is due: an opportunity to contest the validity of the tax and a 'clear and certain remedy' designed to render the opportunity meaningful by preventing any . . . [pre]deprivation of property." *McKesson v. Div. of Alcoholic Beverages & Tobacco*, supra at 40 (III) (B).

Moreover, nothing in OCGA § 50-13-12 authorizes the taxpayer to withhold his taxes pending resolution of his purported administrative remedy and compels the department to forego the various sanctions and summary remedies that it is otherwise authorized to employ against the taxpayer under the tax code. Subsection (c) of that statute merely provides that, pending the hearing and decision, the department "*may* suspend or postpone the effective date of its previous action." (Emphasis supplied.) Thus, "[a] taxpayer who chooses [the administrative] remedy . . . is subject to the discretion of the commissioner and/or reviewing court as to whether collection procedures will be stayed ([cit.])." *Gainesville-Hall County Economic Opportunity Org. v. Blackmon*, 233 Ga. 507, 508 (I) (212 SE2d 341) (1975). Since the administrative remedy relied upon by the majority does not

clearly protect the taxpayer against the department's employment of its various sanctions and summary remedies designed to encourage timely payment *prior* to resolution of the dispute, I cannot agree with the majority's conclusion that that remedy satisfies the minimum requirements of federal due process.

> We have long held that, when a tax is paid in order to avoid financial sanctions or a seizure of real or personal property, the tax is paid under "duress" in the sense that the State has not provided a fair and meaningful predeprivation procedure. [Cits.]

*McKesson v. Div. of Alcoholic Beverages & Tobacco*, supra at 38 (III) (B), fn. 21.

The majority also relies upon the Declaratory Judgment Act as affording appellant a constitutionally meaningful predeprivation remedy. However, there is considerable doubt whether any *general* remedial statute, such as a declaratory judgment act, can ever be considered to be an available "clear and certain remedy" such that a taxpayer's failure to have invoked those provisions can be deemed to evidence his "voluntary" payment of unconstitutional taxes. As I understand the mandate of the controlling decisions of the Supreme Court of the United States, the determination of the availability of a taxpayer's "clear and certain" predeprivation remedy should be confined to a consideration of the *specific* tax structure enacted by the State, and not be based upon the existence of *general* remedies which, with the benefit of hindsight, can be urged to have otherwise been available to the taxpayer. See *Harper v. Va. Dept. of Taxation*, supra, and *McKesson v. Div. of Alcoholic Beverages & Tobacco*, supra, neither of which discuss the availability of general, rather than specific, taxpayer relief. Confining our inquiry to the specific statutes, such as OCGA §§ 48-2-59 and 50-13-12, which do relate to the resolution of tax disputes, it is clear to me that Georgia has established

> various sanctions and summary remedies designed so that [taxpayers] tender tax payments *before* their objections are entertained and resolved. As a result, [Georgia] does not purport to provide taxpayers like [appellant] with a meaningful opportunity to withhold payment and to obtain a predeprivation determination of the tax assessment's validity. . . .

(Emphasis in original.) *McKesson v. Div. of Alcoholic Beverages & Tobacco*, supra at 38 (III) (B).

In any event, I cannot agree with the majority's conclusion that the Georgia Declaratory Judgment Act can be considered to be such a "clear and certain remedy" that appellant's failure to have invoked its

provisions evidences his "voluntary" payment of the unconstitutional taxes. As is true in the case of the administrative remedy, there is nothing in our Declaratory Judgment Act which authorizes the taxpayer to withhold his taxes pending resolution of his claim or which compels the department to forego employment of the various sanctions and summary remedies that it is otherwise authorized to pursue under the tax code. The trial court is authorized to grant the taxpayer injunctive relief, but the exercise of that authority is discretionary and a taxpayer cannot, therefore, be assured that the department's collection procedures will be stayed. Since the declaratory judgment remedy advanced by the majority does not clearly protect the taxpayer against the department's employment of its various sanctions and summary remedies which are otherwise designed to encourage timely payment of taxes *prior* to resolution of the dispute, I cannot agree with the majority's conclusion that that remedy satisfies the minimum requirements of federal due process.

For all the reasons stated, I believe that appellant's payment of the unconstitutional taxes was not made "voluntarily," but was made under "duress." I believe, therefore, that the majority opinion erroneously "confine[s] [appellant] to a lesser remedy" than that which federal due process demands. *Harper v. Va. Dept. of Taxation*, supra at 2520 (III). Accordingly, I must respectfully dissent to the majority's failure to afford appellant the "meaningful backward-looking relief" of the refund to which he is constitutionally entitled. *Harper v. Va. Dept. of Taxation*, supra at 2519 (III).

I am authorized to state that Justice Sears-Collins joins in this dissent.

DECIDED DECEMBER 2, 1993.

*McAlpin & Henson, Carlton M. Henson, Kenneth M. Henson, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, Warren R. Calvert, Daniel M. Formby, Senior Assistant Attorneys General,* for appellees.

*Alston & Bird, John L. Coalson, Jr., Schwieger & Moore, Frank X. Moore, Kator, Scott & Heller, Michael J. Kator,* amici curiae.