A10A0158. GEORGIA DEPARTMENT OF REVENUE
v. ROOF et al.
(690 SE2d 442)

ANDREWS, Presiding Judge.

Plaintiff William A. Roof and others filed this action against the Georgia Department of Revenue and five natural gas companies seeking (i) a declaration that they did not owe sales tax on certain service charges on their natural gas bills, (ii) the certification of a class including all Georgia consumers of natural gas, and (iii) a preliminary injunction requiring the gas companies to pay over the taxes already collected to the trial court. Plaintiffs did not allege any constitutional violation by the Department, but only that the service charges were exempt from taxation under OCGA §§ 48-8-2 (8) and 48-8-3 (18).[1] The Department moved to dismiss on grounds of sovereign immunity. The trial court denied the motion and reserved

[1] OCGA § 48-8-2 (8) defines a "sale" for purposes of the sales tax; OCGA § 48-8-3 (18) describes an exemption for "tangible personal property" from that tax.

ruling on class certification and the preliminary injunction. We reverse because sovereign immunity bars this action.

The Georgia Constitution provides that "[t]he sovereign immunity of the state *and its departments and agencies* can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." (Emphasis supplied.) 1983 Ga. Const., Art. I, Sec. II, Par. IX (e).

According to the Supreme Court of Georgia, "[t]he General Assembly has expressly refused to extend the waiver of sovereign immunity in an action for sales tax refund to a taxpayer acting in a representative capacity for fellow taxpayers." *Sawnee Elec. Membership Corp. v. Ga. Dept. of Revenue*, 279 Ga. 22, 25 (3) (608 SE2d 611) (2005). This refusal took the form of a 2003 amendment to the tax refund statute, OCGA § 48-2-35, in a new subsection (b) (5): "An action for a refund . . . may not be brought by the taxpayer on behalf of a class consisting of other taxpayers who are alleged to be similarly situated." Ga. L. 2003, p. 355, § 2. (Subsection (b) (5) was redesignated as subsection (c) (5) in 2005. See Ga. L. 2005, p. 159, § 5.)

Our Supreme Court has said that this subsection of OCGA § 48-2-35 "constitutes a legislative overruling of this Court's holding in *City of Atlanta v. Barnes*, 276 Ga. 449 (3) [(578 SE2d 110)] (2003), that a class action was a permissible means for a taxpayer to pursue a tax refund action." *Sawnee Elec. Membership Corp.*, 279 Ga. at 25 (3), n. 1. The same opinion states that "OCGA § 48-2-35 (b) (5) *expressly prohibits any taxpayer from bringing a tax refund action on behalf of other taxpayers* alleged to be similarly situated." (Emphasis supplied.) Id. at 25 (3).

Plaintiffs argue that they may bring an action "to enjoin collection of the contested tax pending final determination of [their] judicial challenge to the statute." *James B. Beam Distilling Co. v. State of Ga.*, 263 Ga. 609, 614 (5) (437 SE2d 782) (1993). As the same sentence in *James B. Beam* makes clear, however, declaratory judgment actions are available only to a taxpayer "*prior to paying the disputed tax.*" (Emphasis supplied.) Id. Although plaintiffs downplay their refund claim as "ancillary" to any declaratory judgment, they seek not only to challenge the Department's authority to collect the tax at issue but also to recover what has already been collected, as when they pray for "the entry of an impoundment order requiring the [State] to pay into the registry of the Court *all tax monies collected* as a result of the imposition of sales tax on all amounts charged other than those for the natural gas sold." (Emphasis supplied.)

As such, this suit is indeed "a tax refund action on behalf of other taxpayers alleged to be similarly situated." *Sawnee*, 279 Ga. at

25 (3). Because the General Assembly has expressed the State's clear intention not to waive its sovereign immunity to tax refund class actions such as this one, plaintiffs' suit is barred. The trial court erred when it denied the Department's motion to dismiss the complaint.

*Judgment reversed. Ellington and Doyle, JJ., concur.*

DECIDED JANUARY 21, 2010 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

*Thurbert E. Baker, Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Frances C. Mulderig, Assistant Attorney General,* for appellant.

*Proctor, Hutchins & Porterfield, Robert J. Proctor, Cristine L. Patterson, Davis, Zipperman, Kirschenbaum & Lotito, Seth D. Kirschenbaum, Stone & Baxter, David M. Baxter, Rogers & Hardin, Robert B. Remar, Thomas J. Mew IV, Hall, Booth, Smith & Slover, William B. Carver, Robert J. Middleton, Jr., Balch & Bingham, Christopher S. Anulewicz,* for appellees.