## 34060. FOOTPRESS CORPORATION et al. v. STRICKLAND.

HALL, Justice.

The court below granted the revenue commissioner's motion for summary judgment in the suit for a sales tax refund by McCall Corporation and Footpress Corporation. We reverse.

McCall acquired all the assets of Foote & Davies in 1963, including printing equipment. McCall borrowed $3 million from First National City Bank of New York (FNCB) using the printing equipment as collateral. This security arrangement was made through the creation of Footpress Corporation. The FNCB loan of $3 million was actually made to Footpress; McCall then sold the printing equipment to Footpress in exchange for $3 million. Footpress' function was to hold bare legal title to the equipment. McCall then leased the equipment from Footpress. The lease payments were in the exact amount of the loan payments Footpress owed FNCB, and in fact, McCall made the payments directly to FNCB. The FNCB loan to Footpress was secured by (1) Footpress' assignment to the bank of McCall's rental payments, (2) the chattel mortgage of the printing equipment and (3) all the capital stock of Footpress Corporation. Footpress also granted to McCall the right to repurchase the printing equipment for $10,000 when the lease terminated. The Commissioner taxed the lease from Footpress to McCall of the printing equipment.

1. The Commissioner contends that neither McCall nor Footpress may maintain this suit for refund. According to the Commissioner, Footpress lacks standing because McCall paid the tax, Code Ann. § 92-8436 (b), and McCall lacks standing because only Footpress made the required demand for refund. Code Ann. § 92-8436 (b). We disagree. In this case, Footpress actually filed a demand for refund which put the Commissioner on notice that the sales tax liability was in dispute. The Commissioner denied Footpress' claim on its merits, not on the ground that an improper party had filed a request for refund. For income tax purposes, the Commissioner treated all Footpress' assets as though they in fact belonged to

McCall. Since for income tax purposes the Commissioner treated McCall and Footpress as identical entities, since one of the parties filed a claim and since the Commissioner decided the Footpress claim on its merits, we find on these unique facts that the claim for refund is properly presented. See *Ledbetter Trucks, Inc. v. Floyd County Bd. of Tax Assessors,* 240 Ga. 791 (3) (242 SE2d 596) (1978). The Commissioner attempts to rely upon *Blackmon v. Ga. Ind. Oilmen's Assn.,* 129 Ga. App. 171 (3) (198 SE2d 896) (1973), in which the court refused to permit a suit for refund by a retailer who merely collected the tax which was in fact paid by the consumer. That situation is not presented here. Footpress was created by McCall, operated solely at McCall's direction and functioned only to permit this commercial loan. Unlike the gasoline tax case, payment, demand for refund and recovery by one amounts to payment, demand and recovery by the other.

2. The transaction at issue in this case is in substance a loan which cannot be taxed as a lease under Code Ann. § 92-3402a(c). The trial court erred in granting summary judgment to the Commissioner and in denying summary judgment for Footpress and McCall.

The substance of a transaction controls its tax treatment rather than the appellation chosen by the parties. *Grantham Transfer Co. v. Hawes,* 225 Ga. 436 (169 SE2d 290) (1969); *Hays v. Jordan & Co.,* 85 Ga. 741 (11 SE 833) (1889).

In substance, the transaction gave McCall a $3 million loan and FNCB a security interest in printing equipment. Both the intent of the parties and the option to purchase the equipment at the termination of the lease for the nominal consideration of $10,000 mark the transaction as a security arrangement. Code Ann. § 109A-1—201 (37).

The commissioner contends that the parties selected a lease as the form of their transaction and must now suffer the tax consequences. But the Uniform Commercial Code recognizes that in some instances a sale-leaseback arrangement is neither a sale nor a lease but a security arrangement for a loan. Taxation of the repayment of secured loans was not within the intent of the legislature

which taxed leases of tangible personal property.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., Jordan and Hill, JJ., who dissent.*

ARGUED OCTOBER 11, 1978 — DECIDED DECEMBER 5, 1978.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas C. Harney, Charles R. Beaudrot, Jr.,* for appellants.

*Arthur K. Bolton, Attorney General, James C. Pratt, Assistant Attorney General,* for appellee.

*Judgment reversed. All the Justices concur.*