## A03A2564. DEPARTMENT OF REVENUE v. SAWNEE ELECTRICAL MEMBERSHIP CORPORATION.
### (593 SE2d 756)

ANDREWS, Presiding Judge.

Sawnee Electric Membership Corporation (Sawnee), claiming an overpayment of sales tax, sued the Georgia Department of Revenue (DOR) seeking a refund of sales taxes collected by Sawnee when it sold electricity to its members. Because only the members who paid the sales tax have standing to claim a refund, we find Sawnee lacked standing, and the trial court erred by denying the DOR's motion to dismiss.

Under Georgia sales and use tax statutory provisions, retail purchasers of tangible personal property must pay a tax on sales. The sales tax is added by the seller to the sales price and paid by the purchaser to the seller, who then remits the collected taxes to the DOR commissioner. OCGA §§ 48-8-30 (b) (1); 48-8-33; 48-8-34; 48-8-35. Section 48-8-2 (6) further defines a taxable retail sale to include sales of electricity to any person for any purpose other than for resale, and excepting certain sales of electricity used directly in the manufacture of a product. Under OCGA § 48-2-35, the State's waiver of sovereign immunity and consent to be sued for a sales tax refund are extended only to the "taxpayer" who actually paid the taxes, not to the retail seller who collected the taxes from the taxpayer at the time of the sale and thereafter remitted the taxes to the commissioner. *James B. Beam Distilling Co. v. State of Ga.*, 263 Ga. 609, 611 (437 SE2d 782) (1993); Ga. Const. of 1983, Art. I, Sec. II, Par. IX.

> In cases involving the Georgia sales and use tax (OCGA § 48-8-30 et seq.), the appellate courts of this State have repeatedly held that the payer of taxes to the State, while technically a "taxpayer" under § 48-2-35, does not have standing to file a claim for refund of taxes illegally collected or erroneously paid if the party remitting the taxes passed the tax on to its customers. [Cits.]

*James B. Beam Distilling Co.*, 263 Ga. at 611.

In the present case, Sawnee passed the sales taxes on to its members at the time it sold them electricity, and then "paid" the collected taxes to the State, but the real "taxpayers" under OCGA § 48-2-35 were the individual members who paid the sales taxes when they purchased the electricity. Because Sawnee lacks standing and is therefore procedurally barred from pursuing the present refund action, the trial court erred by denying the DOR's motion to dismiss the action. *James B. Beam Distilling Co.*, 263 Ga. at 611.

We find no basis for the trial court's contrary conclusion that

Sawnee had standing to file the suit because, as an electric membership corporation, it is legally indistinguishable from its members who paid the taxes. Although an electric membership corporation formed pursuant to OCGA § 46-3-170 et seq. is a nonprofit corporation wholly or substantially controlled by and operated for the benefit of its members, it is in the business of supplying electricity to its members, and like other electric suppliers incorporated under the general corporation laws of this State, it operates as a separate corporate entity apart from the legal identity of individual shareholders or members. *Lamar Elec. Membership Corp. v. Carroll*, 89 Ga. App. 440, 449-451 (79 SE2d 832) (1953). Accordingly, Sawnee and its members are not identical entities so that recovery of the tax refund by one amounts to recovery by the other. Compare *Footpress Corp. v. Strickland*, 242 Ga. 686, 687 (251 SE2d 278) (1978).

The trial court also found that Sawnee had "associational standing" to represent the interests of its members pursuant to *Aldridge v. Ga. Hospitality &c. Assn.*, 251 Ga. 234 (304 SE2d 708) (1983). In *Aldridge*, our Supreme Court adopted the three-part test for associational standing set forth in *Hunt v. Washington State Apple Advertising Comm.*, 432 U. S. 333 (97 SC 2434, 53 LE2d 383) (1977):

> An association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

(Citation and punctuation omitted.) *Aldridge*, 251 Ga. at 236. We conclude that, even assuming Sawnee could be considered an association within the test adopted in *Aldridge*, the interest which Sawnee seeks to represent in this case — a refund on sales tax paid by its members — does not qualify for associational standing. First, the interest is not sufficiently germane to Sawnee's purpose as an electric membership corporation, and second, even if the interest was germane, associational standing is inconsistent with the rule that only the taxpayer has standing to sue for a sales tax refund. Compare *City of Atlanta v. Barnes*, 276 Ga. 449, 451-452 (578 SE2d 110) (2003) (taxpayer brought action for tax refund by participating as a plaintiff in a class action).

*Judgment reversed. Barnes and Adams, JJ., concur.*

DECIDED JANUARY 27, 2004 ▮

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy*

*Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Stefan E. Ritter, Assistant Attorney General, Alex F. Sponseller,* for appellant.

*Jackson & Tyler, H. Bruce Jackson, John P. Tyler, Anthony J. Rollins,* for appellee.