[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10956

_____

D.C. Docket No. 05-00039-CV-JTC-3

BLUE CROSS BLUE SHIELD HEALTH CARE
PLAN OF GEORGIA, INC.,

Plaintiff-Appellant,

versus

BRIAN GUNTER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 5, 2008)**

Before TJOFLAT, ANDERSON and HILL, Circuit Judges.

HILL, Circuit Judge:

Blue Cross Blue Shield Health Care Plan of Georgia, Inc. ("Blue Cross"),

sued Brian Gunter seeking reimbursement of insurance benefits paid to him from his settlement with a third party. On defendant's motion, the district court dismissed the case for lack of federal question jurisdiction under the authority of *Empire Health Choice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 126 S. Ct. 2121, 2127 (2006). Blue Cross brought this appeal. We review the district court's determination of its subject matter jurisdiction *de novo*. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

I.

The Federal Employees Health Benefits Act of 1959, 5 U.S.C. § 8901 *et seq.* ("FEHBA") establishes a comprehensive, nationwide program of health benefits for federal employees. The statute authorizes the Office of Personnel Management (the "OPM") to contract with insurance carriers to offer federal employees a range of health care plans. Largest among these plans is the Service Benefit Plan (the "Plan"), which is administered by local Blue Cross companies. Brian Gunter was enrolled in the Service Benefit Plan in Georgia.

Under the Plan, Brian Gunter received insurance funds from Blue Cross for medical expenses resulting from injuries he received in an automobile accident. Subsequently, he also obtained a settlement on his personal injury claim against the third party responsible for the accident.

2

The Plan contains a provision requiring that it be reimbursed in the event of the insured's third-party recovery. After Gunter received his settlement proceeds from the third-party, Blue Cross requested reimbursement for the benefits it paid Gunter in connection with the accident. Gunter refused and Blue Cross filed this action against him in federal court.

Gunter moved to dismiss, arguing that the district court did not have subject matter jurisdiction over this claim. The district court held the motion in abeyance pending the Supreme Court's decision in *Empire Health Choice Assurance, Inc. v. McVeigh*, which raised the issue of the proper forum for litigation of reimbursement claims brought by FEHBA plans. Upon release of that decision, the district court granted the motion to dismiss.

## II.

Blue Cross claims that federal jurisdiction exists pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Blue Cross concedes, however, that, in *McVeigh*, the Supreme Court clearly held that "claims of this genre, seeking recovery from the proceeds of state-court litigation,

3

are the sort ordinarily resolved in state courts." *Id.*[1]   Blue Cross does not contend

that its complaint can escape the Court's determination that reimbursement claims,

in general, are not entitled to federal jurisdiction.

Blue Cross argues, rather, that the Court recognized an exception to this rule

– where a "significant conflict" exists between state law and the federal interests at

stake in the federal law – and that this exception applies to this case, conferring

federal jurisdiction.[2]   We disagree for two reasons.

First, Blue Cross argues that Georgia's complete compensation rule

conflicts with the federal policies underlying the FEHBA.  Under the complete

compensation rule, "an insurer is prohibited from obtaining reimbursement for

amounts paid under medical payments coverage unless and until the insured has

been completely compensated for her loss." *Thurman v. State Farm Mut. Auto.*

*Ins. Co.*, 598 S.E. 2d 448, 450 (Ga. 2004) (citing O.C.G.A. § 33-24-56.1(b)).  In

contrast, FEHBA contract terms provide that, absent express agreement in writing

---

[1]The Court held that since the FEHBA does not provide a federal statutory cause of action for insurance carriers to vindicate their rights under FEHBA-authorized contracts, and federal common law may only govern where the operation of state law would significantly conflict with uniquely federal interests, the absence of any such a conflict between New York law and the federal interests at stake in that case required its dismissal.

[2]Gunter argues that, after *McVeigh*, there is no instance in which federal jurisdiction over a reimbursement claim under the FEHBA is appropriate.  We do not decide this issue, inasmuch as we hold that, even if *McVeigh* recognizes exceptions to the general rule of no federal jurisdiction, such exceptions are not applicable here.

to a reduction, the plan's "share of the recovery will not be reduced because [the insured] do[es] not receive the full amount of damages claimed." Therefore, Blue Cross concludes that the application of Georgia's complete compensation rule in a Georgia court would conflict with the federal policy of full reimbursement.

This is not so, however, for in *Thurman*, the Georgia Supreme Court expressly held that the complete compensation rule is not applied when FEHBA is applicable. 598 S.E. 2d at 451. Thus, there is no conflict between Georgia state law and FEHBA because the law of Georgia is that, where the FEHBA is applicable, the Georgia statute is displaced. *Id.*

Second, Blue Cross argues that Georgia's common fund doctrine conflicts with federal policies underlying the FEHBA. This doctrine provides that "a person who at his own expense and for the benefit of persons in addition to himself, maintains a successful action for the preservation, protection or creation of a common fund in which others may share with him is entitled to reasonable attorney fees from the fund as a whole." *Georgia v. Private Truck Council of Am., Inc.*, 371 S.E. 2d 378, 381 (Ga. 1988). FEHBA, on the other hand, provides that "[a]ny reduction of [the insurer's] claim for payment of attorney's fees or costs associated with the claim is subject to prior approval . . . ."

We find this argument equally unavailing. The Supreme Court recognized

5

in *McVeigh* that "a claim for reimbursement may also involve as an issue '[the] extent, if any, to which the reimbursement should take account of attorney's fees expended . . . to obtain the tort recovery.'" 126 S. Ct. at 2137 (citation omitted). The Court specifically rejected such a basis for federal jurisdiction, saying:

> [I]t is hardly apparent why a proper "federal-state balance" would place such a nonstatutory issue under the complete governance of federal law, to be declared in a federal forum. The state court in which their personal-injury suit was lodged is competent to apply federal law, to the extent it is relevant, and would seem best positioned to determine the lawyer's part in obtaining, and his or her fair share in, the tort recovery.

*Id.* (internal citation omitted). The state courts are not only able to apply federal law when that is required; they are constitutionally bound to do so. Accordingly, we find that the existence of the Georgia common fund doctrine does not prevent the Georgia courts from applying federal law where appropriate. Indeed, state courts correctly apply federal law every day.[3]

### III.

In conclusion, we agree with the district court that Blue Cross has failed to establish that this case is not governed by the general rule of *McVeigh*. Accordingly, we

AFFIRM.

---

[3]Nor do we find significant that the court in which Gunter obtained his damage settlement was a federal court, rather than a state court. The underlying action between Blue Cross and Gunter arises out of a state law contract dispute.